PER CURIAM.
Appellant, William Flood, filed his complaint against Walter R. Jordan, Fred W. Ware and Ware Plumbing, Inc., alleging therein, among other things, intentional interference by Fred W. Ware and Ware Plumbing, Inc. with a business or contractual relationship, i. e., a rental agreement between appellant and Walter R. Jordan. The complaint further alleged a refusal on the part of Walter R. Jordan to exercise his duty as landlord to insure appellant’s peaceful possession of the premises. Appellant sought both compensatory and punitive damages. Appel-lees having filed appropriate responses to the complaint, the case proceeded to trial before a jury.
At the conclusion of appellant’s case the trial court granted a motion for directed verdict in favor of Jordan and he was dismissed from the case. The trial court also granted a motion for directed verdict in favor of Fred W. Ware and Ware Plumbing, Inc. on Count II (invasion of privacy) and Count III (intentional infliction of severe emotional distress) of the complaint. The court reminded counsel for the parties that Count I (restraint of trade) had been stricken by the court at the pretrial conference. The case then was presented to the jury on Count IV (intentional interference with a business or contractual relationship) and Count V (trespass).
The jury returned its verdict against ap-pellees, Fred W. Ware and Ware Plumbing, Inc., jointly awarding compensatory damages in the amount of $40,000 and punitive damages in the amount of $10,000 in favor of appellant. Subsequently, ap-pellees filed their motion for new trial, and motion for judgment in accordance with motion for directed verdict. After hearing, the trial judge, the Honorable David Seth Walker, entered an order dated June 17, 1974, denying the motion for judgment in accordance with the motion for directed *47 verdict, but granted appellees a new trial. No appeal was taken from this order.
Approximately 90 days later appellant filed his motion to set the case for jury trial. Thereafter, on October 14, appellees filed their motion for reconsideration of motion for judgment in accordance with motion for directed verdict and motion for judgment notwithstanding verdict. The hearing on appellees’ motions was 'held before Circuit Judge B. J. Driver, the successor judge. After hearing, an order was entered by Judge Driver, on December 11, granting said motions, which had the effect of reversing Judge Walker’s order granting a new trial. Appellant filed this appeal from the order entered on December 11, by Judge Driver.
In Clement v. Aztec Sales, Inc., Fla. 1974, 297 So.2d 1, the Supreme Court held that an appeal from an order granting a new trial pursuant to Fla.Stat. § 59.04 (1973) was not interlocutory. If such an appeal is not interlocutory, it would seem to be final, though admittedly it occurs prior to final judgment. In spite of the fact that the wording of Fla.Stat. § 59.04 suggests that the right to appeal from an order granting new trial prior to final judgment may be discretionary, we have found no appeal taken after final judgment in which the losing party urged that the case be reversed because the court had erroneously granted the new trial which ultimately resulted in the adverse judgment. If for no other reason, to require a party who is aggrieved by the granting of a new trial to appeal from that order or forever hold his peace would certainly have the effect of saving judicial labor.
Hence, we have concluded that when the appellees failed to appeal the order granting new trial, this order became the law of the case. Therefore, even though we can appreciate why Judge Driver felt that certain findings in Judge Walker’s order granting a new trial were such as would dictate the entry of a judgment for the appellees and irrespective of whether it is ever appropriate for a successor judge to set aside a new trial order entered by the judge who tried the case, we hold that Judge Driver had no authority to enter a judgment which had the effect of reversing the order which granted a new trial.
For the reasons above stated, Judge Driver’s order is hereby quashed and the cause remanded with directions to reinstate Judge Walker’s order of June 17, 1974, for a new trial on all issues, liability and damages, both compensatory and punitive that were presented to the jury.
BOARDMAN, Acting C. J., and GRIMES and SCHEB, JJ., concur.