341 So.2d 268 (1977)
Jarrell V. HUFFMAN et al., Appellants,
v.
Neal LITTLE and Lumbermens Mutual Insurance Company, a Corporation, Appellees.
No. 76-34.
District Court of Appeal of Florida, Second District.
January 5, 1977.
Hal P. Dekle, Tallahassee, and Rood, Hapner, Boult & Dekle, Tampa, for appellants.
George A. McKendree of Miller & McKendree, Tampa, for appellees.
SCHEB, Judge.
Upon motion of appellants, plaintiffs below, the trial court awarded a new trial. Thereafter, the trial judge, sua sponte, reconsidered *269 his actions and set aside his order and reinstated the judgment in favor of defendants. Plaintiffs appeal, contending the trial judge was without jurisdiction to recall the order granting a new trial. We agree and reverse.
Plaintiffs' young daughter was injured in an accident they claim was caused by the negligence of the defendant child bicyclist. Plaintiffs sought damages against the defendants for their daughter's injuries. On November 7, 1975, the jury returned a verdict in favor of defendants and final judgment thereon was rendered November 19, 1975.
On timely motion of the plaintiffs, the trial court, on December 12 (filed December 15), entered an order granting plaintiffs a new trial. Subsequently, upon his own motion, the trial judge noticed counsel for the respective parties that he intended to reconsider his order granting the new trial. On January 2, 1976 (filed January 9), the trial court entered an order setting aside the order previously entered awarding the new trial.
An order granting a new trial confers a substantive right and the order is not interlocutory in nature. Hoffman v. Jackson's Minit Markets, Inc., 313 So.2d 722 (Fla. 1975). Therefore, unlike interlocutory orders it does not remain subject to modification. Cf. Sterling Drug, Inc. v. Wright, 307 So.2d 494 (Fla. 2d DCA 1975). In fact, in the absence of fraud or clerical error, once the motion for a new trial is determined it is not even subject to a motion for rehearing. State v. Burton, 314 So.2d 136 (Fla. 1975); Mathis v. Butler, 128 So.2d 142 (Fla. 2d DCA 1961); DePadro v. Moore, 215 So.2d 27 (Fla. 4th DCA 1968). As to effect of motion for new trial or rehearing, see generally, Trawick's Florida Practice and Procedure, 1975, Section 26-1.
Appellant contends that this case is controlled by the provisions of Fla.R.Civ.P. 1.530, which in Subsection (d) provides:
"On Initiative of Court. Not later than ten days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party."
Appellant's position is that the time for sua sponte reconsideration of the order granting new trial is governed by the time periods of Subsection (d). However, in the present case, the court's actions were not within ten days after entry of judgment or within the time of ruling on the timely motion for new trial. It is unnecessary to reach the question whether this subsection grants the judge a limited time period in which he may reconsider an order granting a new trial. We are unaware of any other rule which permits such a reconsideration.
Having determined that the trial court was without authority to modify its previous order granting a new trial,[1] it is unnecessary for us to pass on the remaining points urged by plaintiffs as grounds for reversal.
Accordingly, the trial court's order setting aside the previous order granting a new trial and reinstating the final judgment in favor of defendants is vacated and the cause is remanded to the trial court for a new trial.
BOARDMAN, C.J., and HOBSON, J., concur.
NOTES
[1] In Flood v. Ware, 326 So.2d 46 (Fla.2d DCA 1976), we held that after the appeal time had passed, a judge had no authority to reverse an order by a previous judge awarding a new trial. We were not called upon to decide the question presented in the present case, whether the same judge had such authority before the appeal time had passed.