398 So.2d 916 (1981)
Alex SALKAY and Patricia Ann Williams, As Personal Representative of the Estate of Anna Salkay, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INS. CO., Charles Zalis and National Car Rental & Leasing Co., Appellees.
STATE FARM MUTUAL AUTOMOBILE INS. CO., Charles Zalis and National Car Rental & Leasing Co., Appellants,
v.
Alex SALKAY and Patricia Ann Williams, As Personal Representative of the Estate of Anna Salkay, Appellees.
Nos. 79-1689, 79-1693.
District Court of Appeal of Florida, Third District.
May 5, 1981.
Rehearing Denied June 10, 1981.
Greene & Cooper and Marc Cooper, Miami, for Alex Salkay.
*917 Walton, Lantaff, Schroeder & Carson and George W. Chesrow, Miami, for State Farm.
Before HUBBART, C.J., and PEARSON, DANIEL S. and FERGUSON, JJ.
FERGUSON, Judge.
A jury awarded damages to appellees and against appellant, State Farm Mutual Automobile Insurance Co., in the total amount of $108,000. On July 24, 1979, the trial court issued an order granting State Farm's motion for remittiur. On August 7, 1979, the same court vacated that motion in its entirety and granted appellees Salkays' motion for rehearing. The final judgment (as previously amended) was reinstated. State Farm appeals from that final judgment alleging error in subjecting the order for remittitur to rehearing. We agree. The Salkays allege by means of cross-appeal that the original entry of the remittitur was error.
An order granting remittitur or, in the alternative, a new trial confers a substantive right. It is not interlocutory in nature and, therefore, does not remain subject to modification. Huffman v. Little, 341 So.2d 268 (Fla. 2d DCA 1977). In the absence of fraud or clerical error, once the motion for a new trial is granted it is not even subject to a motion for rehearing. State v. Burton, 314 So.2d 136 (Fla. 1975); Huffman, supra; DePadro v. Moore, 215 So.2d 27 (Fla. 4th DCA 1968), cert. denied, 222 So.2d 748 (Fla. 1969); Mathis v. Butler, 128 So.2d 142 (Fla. 2d DCA 1961).
Because we find the trial court was without authority to vacate the order granting remittitur, we must consider appellees' argument that the trial court's original order granting the remittitur was improper. The court's order granting remittitur in this case makes the specific finding:
[T]he verdict of the jury finding the Plaintiff totally without any negligence which was a legal cause of the accident, is not supported by the record and is against the manifest weight of evidence. It was clear and overwhelming from the manifest weight of the evidence that the Plaintiff was negligent in the manner and way he crossed State Road 84 when Plaintiff's view of the Defendant's lane was obscured and blocked prior to the time Plaintiff entered the lane the Defendant was traveling in.
The order of a trial court comes to the appellate court with a presumption of correctness and an appellate court is reluctant to reverse an order granting a remittitur or new trial. If reasonable men could differ, the trial judge's ruling on a motion for a new trial or remittitur must be upheld. Mere disagreement on the part of the appellate court is insufficient to permit the overturning of the trial court's determination; the trial court's abuse of discretion must be clearly unreasonable and must patently appear from the record. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla. 1980); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Castlewood International Corporation v. LaFleur, 322 So.2d 520 (Fla. 1975); Laskey v. Smith, 239 So.2d 13 (Fla. 1970); Victor Manuel Rivera Gator Freightways v. White, 386 So.2d 1233 (Fla. 3d DCA 1980). On consideration of the record we hold the ground relied upon by the trial court could properly support the order of remittitur or in the alternative a new trial.[1]Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959); Bartholf v. Baker, 71 So.2d 480 (Fla. 1954); Aronson v. Siquier, 318 So.2d 452 (Fla. 3d DCA 1975). Remittitur as an alternative to a new trial is consistent with the trial court's finding that the plaintiff was also negligent.
The order purporting to vacate the order of remittitur is reversed; the order granting remittitur is affirmed. The cause is remanded for further proceedings consistent with this opinion.
NOTES
[1] This cause of action predates Section 768.043, Florida Statutes, (1977).