475 So.2d 273 (1985)
Joseph MARKS, Appellant,
v.
Donna WERTALKA and Carl Wertalka, Her Husband, Appellees.
No. 84-2655.
District Court of Appeal of Florida, Third District.
September 10, 1985.
Paul D. Mark Lucas, Miami, for appellant.
Kwitney, Kroop & Scheinberg and Richard I. Kroop, Miami Beach, for appellees.
*274 Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
In 1981, a suit brought by the Wertalkas, the appellees here, against Joseph Marks, Edward Rosen and Central Taxi Service, Inc. (Central) for damages incurred in an automobile accident ultimated in a settlement and the entry of an agreed final judgment. The judgment recited that the defendant Central was responsible to pay to the plaintiffs a certain sum periodically; it made no mention of Marks and Rosen. Several years later, after Central was declared bankrupt, the Wertalkas moved to "correct and amend" the judgment to add the names of Marks and Rosen as judgment debtors. The motion alleged that when the case was called for trial, counsel for the respective parties acknowledged in open court that they had reached a settlement and agreed to the entry of a final judgment, but that in the typing of the final judgment, the names of the defendants Marks and Rosen were inadvertently omitted. The trial court granted the appellees' motion, and it is from that order that this appeal is taken. We reverse.
Clerical mistakes sought to be corrected under Florida Rule of Civil Procedure 1.540(a) "include only errors or mistakes arising from accidental slip or omission and not errors or mistakes in the substance of what is decided by the judgment or order." Keller v. Belcher, 256 So.2d 561 (Fla. 3d DCA 1971), cert. denied, 280 So.2d 682 (Fla. 1972). Thus, if the parties announced in open court that their agreement was to include Marks and Rosen as judgment debtors but the written final judgment failed to reflect this, the error is a clerical one and may be remedied "at any time" pursuant to Florida Rule of Civil Procedure 1.540(a). In contrast, if the parties agreed to include Marks and Rosen[1] but failed to so state in open court, relief would be available not through Florida Rule of Civil Procedure 1.540(a), but through Florida Rule of Civil Procedure 1.540(b) only.[2] Relief under Rule 1.540(b) is unavailable in this case, however, since by its terms, motions under that rule grounded on "mistake, inadvertence, surprise or excusable neglect" must be made "not more than one year after the ... order was entered or taken."
Because the record contains no transcript of the proceedings when the agreed judgment was announced, or testimony concerning what transpired at such proceedings, the trial court could not have concluded, as we surmise it did, that the inclusion of Marks and Rosen was recited in open court, and the omission of their names was a mere clerical error. We therefore remand to the trial court to hold an evidentiary hearing wherein the Wertalkas, to receive the relief requested, must show that the agreement announced in open court was that Marks and Rosen were to be judgment debtors along with Central.[3],[4]Cf. McKibben v. Fujarek, 385 So.2d 724 (Fla. 4th DCA 1980) (Rule 1.540(a) does not empower courts to make changes which modify the substance of a record).
Reversed and remanded.
NOTES
[1] Whether the parties agreed to include Marks and Rosen is apparently a matter of dispute.
[2] There are thus three primary types of errors which may be made by a trial judge. First, the court may err by failing to state in its judgment that which was agreed upon in open court, an error which may be remedied under Rule 1.540(a). Second, the trial judge may fail to order that which he meant to order, an error which may be corrected under Rule 1.540(b). Finally, the court may intentionally order something which is legally erroneous. The latter orders are simply mistakes of law and are properly corrected on direct appeal. See Keller v. Belcher, 256 So.2d 561.
[3] Of course, what was said in open court may be established through the submission of proof other than the formal record of the proceedings.
[4] Although the Wertalkas may be unsuccessful in obtaining an immediate agreed final judgment against Marks and Rosen, they are not foreclosed from continuing these proceedings against these defendants. Neither the judgment against Central nor any other document dismissed Marks and Rosen from the lawsuit, and it appears the lawsuit is still pending against Marks and Rosen, unless, of course, the Wertalkas are successful in their efforts to have these defendants declared judgment debtors.