476 So.2d 264 (1985)
Clarence B. OWENS, As Duly Appointed and Acting Personal Representative of the Estate of Maxine Owens, Deceased, Appellant,
v.
Royce V. JACKSON, M.D., and Tallahassee Memorial Regional Medical Center, Appellees.
No. BG-180.
District Court of Appeal of Florida, First District.
September 27, 1985.
*265 Terry P. Lewis and George H. Gwynn of Oven, Gwynn & Lewis, Tallahassee, for appellant.
Edgar C. Booth and John D. Buchanan, Jr., Tallahassee, for appellees.

ON MOTION TO DISMISS
BARFIELD, Judge.
The issue before the court on appellees' motion to dismiss the appeal is whether a motion for reconsideration of an order granting a new trial, absent fraud or clerical error, is an authorized motion tolling the time for filing a notice of appeal pursuant to Fla.R.App.P. 9.020(g). We hold that it is not such an authorized motion, and consequently, the time for filing the notice of appeal was not tolled.
The Florida Supreme Court, by implication, mandated this holding when it approved the rule stated by the district court in Burton v. State, 296 So.2d 79 (Fla. 4th DCA 1974): "... when a motion for new trial is granted or denied `absent fraud or clerical error' ... `the court is without authority to entertain or consider a petition for re-hearing addressed to such an order'." State v. Burton, 314 So.2d 136, 137 (Fla. 1975). If the court has no authority even to entertain or consider such a motion, the rule is jurisdictional. This construction is suggested by the Second District Court of Appeal in Huffman v. Little, 341 So.2d 268 (Fla. 2d DCA 1977), cert. den., Little v. Huffman, 348 So.2d 949, although in that case the court determined it unnecessary to decide whether there was a limited time period during which the trial judge could reconsider an order granting a new trial. The Third District Court of Appeal has said quite specifically, "In the absence of fraud or clerical error, once the motion for a new trial is granted it is not even subject to a motion for rehearing." Salkay v. State Farm Mut. Auto Ins. Co., 398 So.2d 916, 917 (Fla. 3d DCA 1981), pet. for rev. dism., 402 So.2d 612.
Fla.R.App.P. 9.020(g) provides for the tolling of the time for filing a notice of appeal upon the filing of an authorized motion for rehearing. Our reading of Fla. R.C.P. 1.530, together with the authorities cited above, supports our conclusion that the trial court has no authority to revisit an order granting a new trial, absent fraud or clerical error.
The trial court rendered an order of remittitur or new trial on all issues as to all parties on February 25, 1985. The remittitur was rejected on March 13, 1985. The time for filing the notice of appeal ran thirty days after rejection of the remittitur in this case. The notice of appeal was not filed until April 25, 1985.
The trial court's order dismissing the claim on behalf of Annette Owens and Nyama Owens not having been rendered until April 16, 1985, the notice of appeal as it relates to those claims was timely filed.
The motion to dismiss the appeal of Clarence B. Owens, as Personal Representative of the Estate of Maxine Owens, Deceased, is GRANTED.
SMITH and NIMMONS, JJ., concur.