ON MOTION TO DISMISS
PER CURIAM
Appellee moves to dismiss this cause for lack of jurisdiction because the notice of appeal was not timely filed. After an adverse jury verdict and entry of judgment, appellee filed a timely motion for new trial and alternative motion for judgment notwithstanding the verdict (J.N.O.V.). On December 5, 1985, the trial court granted appellee’s motion for new trial, without expressly ruling on the alternative motion for J.N.O.V. Appellant filed a motion for rehearing of that order ten days thereafter. The trial court denied appellant’s motion for rehearing on January 9, 1986. On February 6, 1986, the trial court entered an order expressly denying appellee’s alternative motion for J.N.O.V. Appellant filed the notice of appeal on February 7, 1986. We agree that the notice was not timely and dismiss the appeal.
Appellant contends that the appeal is timely because the final judgment was not rendered until the trial court denied appellee’s alternative motion for J.N.O.V. See Fla.R.App.P. 9.020(g). Assuming appellant is correct and the final judgment was not rendered until express disposition of the alternative motion, the appeal is still untimely. This appeal is from the order granting a new trial. It is not an appeal from the final judgment which is in appellant’s favor.
Appellant also contends that the filing of a motion for rehearing on the granting of new trial tolled the rendition of the new trial order. Under Rule 9.110, Florida Rules of Appellate Procedure, appeals from orders granting new trial follow the same procedure as appeals from final orders. However, orders granting new trial are not themselves final orders, and there is no authorization for rehearing of an order granting new trial. Owens v. Jackson, 476 So.2d 264 (Fla. 1st DCA 1985). Since the motion for rehearing is not authorized, the filing of the motion did not toll rendition of the order granting new trial. Therefore, the filing of a notice of appeal more than *214 30 days after entry of the order granting new trial was not timely.
The Supreme Court has held that, as regards the scope of appellate review, appeals from orders granting new trial should be treated as appeals from final orders to the extent possible. Bowen v. Willard, 340 So.2d 110 (Fla.1976). We find nothing in that decision, however, authorizing the treatment of orders granting new trial as final orders for purposes of rehearing or otherwise affecting the untimeliness of this notice of appeal. In an abundance of caution, however, we certify the following as being a question of great public importance: '
SHOULD AN ORDER GRANTING A NEW TRIAL BE TREATED AS A FINAL ORDER TO THE EXTENT THAT A TIMELY MOTION FOR REHEARING OR RECONSIDERATION WILL TOLL RENDITION OF THE ORDER FOR PURPOSES OF FILING THE NOTICE OF APPEAL?
Appeal dismissed.
BOOTH, C.J., and ERVIN and THOMPSON, JJ., concur.