508 So.2d 345 (1987)
Thomas FRAZIER, Petitioner,
v.
SEABOARD SYSTEM RAILROAD, INC., a Corporation, Respondent.
No. 69081.
Supreme Court of Florida.
June 18, 1987.
*346 Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, and Beckham, McAliley & Schulz, P.A., Jacksonville, for petitioner.
J.W. Prichard, Jr. and Thomas C. Sullivan of Taylor, Moseley & Joyner, Jacksonville, for respondent.
BARKETT, Justice.
The First District in Frazier v. Seaboard System Railroad, Inc., 490 So.2d 213, 214 (Fla. 1st DCA 1986), certified the following question as one of great public importance:
Should an order granting a new trial be treated as a final order to the extent that a timely motion for rehearing or reconsideration will toll rendition of the order for purposes of filing the notice of appeal?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The relevant facts are succinctly stated in the district court's opinion:
After an adverse jury verdict and entry of judgment, appellee [Seaboard] filed a timely motion for new trial and alternative motion for judgment notwithstanding the verdict (J.N.O.V.). On December 5, 1985, the trial court granted [Seaboard's] motion for new trial, without expressly ruling on the alternative motion for J.N.O.V. Appellant [Frazier] filed a motion for rehearing of that order ten days thereafter. The trial court denied [Frazier's] motion for rehearing on January 9, 1986. On February 6, 1986, the trial court entered an order expressly denying [Seaboard's] alternative motion for J.N.O.V. Appellant filed the notice of appeal on February 7, 1986.
Id. at 213.
These facts pose two distinct issues. In addition to the issue framed by the certified question, Frazier contends that his appeal was timely because the final judgment was not "rendered" under Rule of Appellate Procedure 9.020(g) until the trial court disposed of the alternative motion for J.N.O.V. We disagree. In pertinent part, the Rule says:
Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, to alter or amend, for judgment in accordance with prior motion for directed verdict, notwithstanding verdict, in arrest of judgment, or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof.
Fla.R.App.P. 9.020(g). By granting a new-trial order, the court effectively "disposed" of the motion for J.N.O.V. until appellate review. By their very nature, a new-trial order and order for J.N.O.V. are mutually inconsistent and may not be granted simultaneously. At most, the trial court may grant one and alternatively grant the other on the express condition that the latter only becomes effective if the former is reversed on appeal. Kaufman v. Sweet Et Al Corp., 144 So.2d 515 (Fla. 3d DCA *347 1962), cert. discharged, 156 So.2d 846 (Fla. 1963). Indeed, one of the primary reasons for allowing alternative motions for new trial and J.N.O.V. is to promote judicial economy by consolidating the two issues on appeal. As the Third District has noted,
[T]he trial judge, whatever his ruling on the motion for judgment, should also rule on the motion for a new trial, indicating the grounds of his decision. .. . [This rule] does not contemplate the entry of inconsistent orders. If the trial court grants the motion for new trial, this order should provide that it becomes effective only if the judgment notwithstanding the verdict should be reversed on appeal.
Id. at 516. While we strongly encourage trial judges to rule simultaneously on an alternative motion for J.N.O.V., we find that failure of the trial judge to do so does not render a new-trial order non-final under Rules 9.110 and 9.020(g).
On the second issue, Frazier contends that the certified question should be answered in the affirmative. He argues that his motion for rehearing on the new-trial order was "authorized" under Rule 9.020(g) and not disposed of until January 9, 1986, making his appeal on February 7, 1986, timely. We disagree.
Although petitioner recognizes that a new-trial order is not interlocutory in nature, Huffman v. Little, 341 So.2d 268, 269 (Fla. 2d DCA), cert. denied, 348 So.2d 949 (Fla. 1977), he argues that Bowen v. Willard, 340 So.2d 110 (Fla. 1976), supports the proposition that it is not a "final order" either. Petitioner directs our attention to the following language from Bowen:
[T]he order granting a new trial ... is appealable as a matter of substantive law though technically neither interlocutory nor final... .
Id. at 111-12 (citing Clement v. Aztec Sales, Inc., 297 So.2d 1). Petitioner further points out that the committee note to Rule 9.110, which was written to implement the declaration in Bowen, implies the lack of finality when it recommends that appeals taken from new-trial orders "shall be treated as appeals from final judgments to the extent possible." (Emphasis added.) We are unpersuaded by petitioner's arguments.
Nothing in Bowen authorized the treatment of orders granting new trials as "final orders" for purposes of rehearing or for gauging the timeliness of a notice of appeal. To the contrary, the overwhelming weight of authority in Florida has long adhered to the rule that a new-trial order is not subject to a motion for rehearing absent fraud or clerical error, and the district courts have uniformly adhered to this rule. Owens v. Jackson, 476 So.2d 264 (Fla. 1st DCA 1985); Salkay v. State Farm Mutual Automobile Ins. Co., 398 So.2d 916 (Fla. 3d DCA), pet. for rev. dism., 402 So.2d 612 (Fla. 1981); Huffman v. Little, 341 So.2d 268 (Fla. 2d DCA 1977); Fiber Crete Homes, Inc. v. Division of Administration, 315 So.2d 492 (Fla. 4th DCA 1975); DePadro v. Moore, 215 So.2d 27 (Fla. 4th DCA 1968), cert. denied, 222 So.2d 748 (Fla. 1969); Volumes in Value, Inc. v. Buy Mail International, Inc., 177 So.2d 511 (Fla. 3d DCA 1965).
We agree with the First District's analysis in Martin v. Carlton, 470 So.2d 875 (Fla. 1st DCA 1985), that Bowen concerned
"the duplicative appeal procedures" and "the unproductive time delays and expense" involved when an order granting a new trial is reversed and the cause is remanded for the purely ministerial task of entering a formal final judgment before a challenge to that judgment can be made on appeal. The Supreme Court determined that, in this situation, no substantive right would be affected and held, therefore, that appeals taken from new trial orders should be treated as appeals from final judgments to the extent possible, and appellate courts have authority to deal with other appealable issues.
Id. at 876 (emphasis in original).
Martin correctly limited the rule of Bowen to its facts, a result in which we concur. Unlike Bowen, the present case involves no reversal of an order granting a new trial. Nor are we faced here, as was the Court in Bowen, with the risk of causing unnecessary delay for a "purely ministerial task" *348 of remanding so that a final judgment can be entered and a challenge to that judgment made on appeal. We therefore find Bowen inapplicable to the present facts, and hold that the settled rule of law dictates that petitioner's motion for rehearing on the new-trial order was a nullity. As such, it did not toll the time for filing a notice of appeal.
Accordingly, we answer the certified question in the negative and approve the opinion of the district court.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW and KOGAN, JJ., concur.
GRIMES, J., dissents with an opinion, in which OVERTON, J., concurs.
GRIMES, Justice, dissenting.
Frazier finds himself the victim of a "catch 22" scenario. On the one hand, his motion for rehearing does not toll the time for taking an appeal because the order granting new trial is not considered a final order. On the other, he cannot attack the order granting new trial as part of his appeal from the final judgment because the order is not viewed as interlocutory. I would resolve this dilemma by holding that an order granting a new trial is subject to a motion for rehearing. There is no reason why an order of this significance should not be subject to reconsideration.
I realize that such a holding would require overruling the cases cited by the majority for the contrary proposition. However, none of them are from this Court and only three were decided since Bowen v. Willard, 340 So.2d 110 (Fla. 1976), in which we held that "appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible." 340 So.2d at 112 (emphasis added).
I also disagree that by granting a new trial the court "disposed" of the motion for J.N.O.V. As long as the motion for J.N.O.V. remained pending, the final judgment had not been rendered for purposes of appeal. Therefore, even though the final judgment was in his favor, Frazier did file a timely appeal from that judgment. As part of the appeal, he was entitled to assert as error the entry of the earlier order granting the new trial because Florida Rule of Appellate Procedure 9.110(h) authorizes the review of any ruling occurring prior to the filing of the notice of appeal.
I respectfully dissent.
OVERTON, J., concurs.