LEHAN, Judge.
An ex-husband appeals from an order of a trial judge (hereinafter “the second trial judge”) setting aside an order which had been entered by another trial judge (hereinafter “the first trial judge”) which had modified a final judgment of dissolution of marriage in response to the husband’s petition to modify. The order of modification, entered after a hearing at which the wife was not present, changed the final judgment of dissolution by, among other things, conveying to the husband the wife’s interest in certain real estate and giving the husband the right to pursue a judgment against the wife for the amount of marital debts which the wife had not disclosed at the time of the dissolution and which the husband subsequently paid. We affirm.
The second trial judge entered the order setting aside the order of modification on the basis that (a) the final judgment contained a clause only generally reserving jurisdiction and did not reserve jurisdiction with respect to property rights, see Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979); McEachin v. McEachin, 154 So.2d 894 (Fla. 1st DCA 1963), and (b) the first trial judge had lacked subject matter jurisdiction to enter the order of modification pursuant to Florida Rule of Civil Procedure 1.540 because there was in the order of modification no mention, finding, or eviden-tiary basis of fraud and that the order only modified, and did not vacate, the final judgment.
There is no dispute as to the correctness of (a). As to (b), we conclude that each of the reasons of the second trial judge was not determinative of the subject matter jurisdiction of the first trial judge under rule 1.540. That the first trial judge only modified the final judgment of dissolution and did not vacate it as he was entitled to do under rule 1.540 does not show that he did not act pursuant to that rule. See Kilmark v. Kilmark, 366 So.2d 794, 797 (Fla. 2d DCA 1978). Also, there appears to be no requirement that to grant relief under that rule the order or the petition for relief must refer specifically to that rule or that specific findings of fraud must be made, although certainly the better practice would be to make such findings. See State v. Bruno, 104 So.2d 588, 591 (Fla. 1958); Dworkis v. Dworkis, 111 So.2d 70, 73, on rehearing, 111 So.2d 75 (Fla. 3d DCA 1959). Additionally, there is in the record no transcript of the modification hearing, therefore there is no proper basis for a conclusion of insufficient evidence of fraud. See Dawkins v. Dawkins, 494 So. 2d 282 (Fla. 2d DCA 1986).
However, under the particular circumstances of this case it is otherwise apparent from the record, including the petition to modify and the husband’s testimony at the hearing before the second trial judge, that there was no fraud which concerned, or would justify the conveyance of, the real estate as provided in the order of modification. To the extent there was fraud in the wife’s failure to disclose mari *1144 tal debts, that was addressed m the portion of the order of modification which authorized the husband to pursue a final judgment against the wife in the amount of those debts.
Our affirmance is without prejudice to the husband to seek other relief with respect to the wife’s failures to comply with the final judgment of dissolution.
Affirmed.
CAMPBELL, A.C.J., and THREADGILL, J., concur.