582 So.2d 119 (1991)
BIRD LAKES DEVELOPMENT CORP., Appellant,
v.
Homero MERUELO and Gesyl Development Corp., Appellees.
No. 91-533.
District Court of Appeal of Florida, Third District.
July 2, 1991.
*120 Holland & Knight and Daniel S. Pearson and Amy D. Ronner, Miami, for appellant.
Jorge L. Fors, Coral Gables, and Gonzalo Perez, Jr., Warren Jacobs, James C. Blecke, Fine, Jacobson, Schwartz, Nash, Block & England and Arthur J. England, Jr., Charles M. Auslander, and Linda Ann Wells, and Fitzgerald & Portuondo, Miami, for appellees.
Before HUBBART, COPE and GERSTEN, JJ.
PER CURIAM.
This is an appeal from a non-final order which vacates a final order granting a post-trial motion for a remittitur or new trial. We have jurisdiction to entertain this appeal, Art. V, § 4(b)(1), Fla. Const.; Fla.R. App.P. 9.130(a)(4).
We affirm the order under review based on a holding that the trial court had jurisdiction under Fla.R.Civ.P. 1.540(a), (b) to vacate the prior remittitur order and, in a later order, to correct "errors [in the remittitur order] arising from oversight or omission" as well as other "mistake[s] [or] inadvertence," namely, (1) a significant mathematical error in the remittitur order as to the amount of the remittitur, so as to comport with the implicit mutual agreement of the parties made in open court at the hearing on the post-trial motion for a remittitur, (2) an inadvertent vacation of the final judgment's retention of jurisdiction to award attorney's fees and costs, when that issue was not even before the court on any of the parties' post-trial motions, and (3) certain other mistaken terms of the order which, when taken together with the two mistaken terms previously discussed, were all contrary to the trial judge's oral instructions to appellant's trial counsel, who drafted the order, as to what the order should contain.[1]Wheeler Fertilizer Co. v. Rogers, 49 So.2d 83, 86-87 (Fla. 1950); Marks v. Wertalka, 475 So.2d 273, *121 274 n. 2 (Fla. 3d DCA 1985); Marx v. Redd, 368 So.2d 101, 103 (Fla. 4th DCA 1979).
In so ruling, we agree (1) that the remittitur order could not be vacated and corrected by the trial court except, as here, pursuant to Fla.R.Civ.P. 1.540, Salkay v. State Farm Mut. Auto. Ins. Co., 398 So.2d 916, 917 (Fla. 3d DCA), rev. dismissed, 402 So.2d 612 (Fla. 1981); see also Frazier v. Seaboard System R.R., 508 So.2d 345, 347 (Fla. 1987); Gordon v. Richter, 528 So.2d 374, 376 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 880 (Fla. 1988); (2) that appellee's bare-bones emergency motion to modify and correct the remittitur order was, in substance, a motion to vacate based on Fla.R.Civ.P. 1.540, when considered with the argument made in support thereof, Kitchens v. Kitchens, 519 So.2d 1142, 1143 (Fla. 2d DCA 1988); and (3) that Capital Bank v. Knuck, 537 So.2d 697 (Fla. 3d DCA 1989) and State ex rel. Cantera v. District Court of Appeal, Third Dist., 555 So.2d 360 (Fla. 1990), relied on by appellant, are inapplicable to this case, given the trial court's jurisdiction to vacate the remittitur order under Fla.R.Civ.P. 1.540, as discussed above.
Affirmed.
NOTES
[1] According to an affidavit filed by the trial judge in this court, the trial judge's oral instructions to appellant's counsel as to what the order should contain were conveyed in an ex parte telephone call which the judge had with appellant's trial counsel. In our view, these instructions should either have been made in a conference telephone call with both parties' trial counsel or in open court; moreover, appellant's trial counsel should further have supplied appellee's trial counsel with a copy of the proposed order, with sufficient opportunity for counsel to object thereto, prior to submitting the order to the trial judge for his signature. If these procedures had been followed, the inadvertent mistakes in the subject order would most likely have been avoided. We trust that in the future ex parte communications of this nature will not be repeated as, in our view, they are clearly improper. See Fla.Bar Code Jud.Conduct, Canon 3(A)(4); see also Smith v. Smith, 558 So.2d 440, 441 (Fla. 4th DCA 1990).