MENENDEZ, MANUEL, JR., Associate Judge.
Norma Tedder challenges an order granting appellee’s motion for new trial. Because Ms. Tedder filed her notice of appeal more than thirty days after entry of the order granting new trial, we dismiss this appeal as untimely.
After an unfavorable jury verdict, appel-lee, Visually Impaired Persons of Southwest Florida, Inc. (VIP), filed a timely motion for new trial arguing, inter alia, that Tedder had failed to produce evidence of damages. On June 21, 2001, the trial court entered an order granting VIP’s motion, but failed to specify in its order grounds for granting the request for new trial. See Fla. R. Civ. P. 1.530(f) (“All orders granting new trial shall specify the specific grounds therefor.”). Perceiving this deficiency, on June 26, 2001, Tedder filed a motion to amend requesting that the court specify reasons for granting VIP *275 relief. Tedder’s motion was granted, and on July 10, 2001, the trial court entered an amended order for new trial. Tedder sought review of the amended order by notice of appeal filed on July 27, 2001.
Florida Rule of Appellate Procedure 9.020(h) enumerates “authorized” motions which toll the rendition of final orders. Because an order granting new trial is not a final order, Tedder’s motion to amend was “unauthorized” and did not toll the rendition of the original order for new trial. See Frazier v. Seaboard Sys. R.R., Inc., 508 So.2d 345 (Fla.1987). In Frazier the supreme court considered whether “an order granting a new trial [should] be treated as a final order to the extent that a timely motion for rehearing or reconsideration will toll rendition of the order for purposes of filing the notice of appeal.” Id. at 345. The court held that absent fraud or clerical error, a new trial order is not subject to a motion for rehearing or reconsideration. Id. at 347; see also Huffman v. Little, 341 So.2d 268 (Fla. 2d DCA 1977); Owens v. Jackson, 476 So.2d 264 (Fla. 1st DCA 1985). We considered whether the deficiency in the original final order should be treated as a clerical error; however, case law indicates that the omission of specific grounds for granting a new trial is a judicial error, rather than a clerical one. Lehman v. Spencer Ladd’s, Inc., 182 So.2d 402, 404 (Fla.1966).
For the foregoing reasons, this appeal is dismissed.
PARKER and COVINGTON, JJ., concur.