826 So.2d 419 (2002)
Teresa Escobar DE ARDILA, Appellant,
v.
CHASE MANHATTAN MORTGAGE CORPORATION and South Florida Property Investors Corporation, Appellees.
No. 3D01-2948.
District Court of Appeal of Florida, Third District.
August 7, 2002.
Rehearing Denied October 4, 2002.
*420 S. Peter Capua, for appellant.
Codilis & Stawiarski, Englewood, CO, and David Thorpe, attorney for appellee Chase Manhattan Mortgage Corporation.
Arnaldo Velez, Coral Gables, attorney for appellee South Florida Property Investors Corporation.
Before GODERICH and GREEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Mortgagor Teresa Escobar De Ardila appeals an order denying her Motion for Rehearing directed at the trial court's rulings on her Motion for Objection to Sale at Public Auction and Motion to Vacate. Appellees maintain that both motions had previously been considered by the trial court and ruled on, denying the relief sought; as such, the instant claim amounts to no more than an untimely appeal of an order denying rehearing of a rehearing, and mandates dismissal.[1] Appellant argues that she did not receive proper notice of the initial hearing on her Objection to Sale, thus the trial court's initial ruling on the matter should be ignored. She claims that the bank never properly notified her of the foreclosure action[2], and that she was lulled into inaction by the misrepresentations of mortgagee's agents.[3]
*421 Without speculating on the mental machinations of the trial judge, we cannot escape the conclusion that what occurred was a rehearing of a rehearing, and ultimately an untimely appeal. The trial judge lost jurisdiction,(except for the entry of post decretal orders to effectuate the final judgment), when, having denied the relief sought, she then denied the mortgagor's request for rehearing. The mortgagor's notice of appeal, coming more than 30 days later, was thus, untimely. The mortgagor failed to appeal either the initial order denying her Objection to Sale, dated July 18, 2001, or the first denial of her Motion for Rehearing, dated September 5, 2001. Rather, she filed a Notice of Appeal within thirty days of the denial of a request for a rehearing of a ruling on rehearing, which, of course, is not authorized. This leaves us without subject matter jurisdiction to entertain the instant appeal. See Peltz v. District Court of Appeal, Third Dist., 605 So.2d 865, 866 (Fla.1992)(Untimely filing of notice of appeal precludes appellate court from exercising jurisdiction); State ex rel. Cantera v. District Court of Appeal, Third Dist., 555 So.2d 360 (Fla.1990); see also Tedder v. Visually Impaired Persons of Southwest Florida, Inc., 819 So.2d 274 (Fla. 2nd DCA 2002)(Appeal from amended order for new trial was untimely, where notice of appeal was filed more than 30 days after original deficient order for new trial was granted.)
Accordingly the instant appeal is dismissed.
NOTES
[1] Appellee argues in the alternative that even if the merits of appellee's position are considered, the order under review should be affirmed. See Sulkowski v. Sulkowski, 561 So.2d 416 (Fla. 2d DCA 1990)(The decision to set aside a judicial sale rests in the trial court's discretion, and the appellate court should not typically interfere with that decision.)
[2] Insufficiency of the service of process was waived by De Ardila, by her actions in filling her subsequent pleadings. See Department of Revenue ex rel. King v. Blocker, 806 So.2d 607 (Fla. 4th DCA 2002); MacDougall v. Kutina, 798 So.2d 30 (Fla. 4th DCA 2001) (holding that former husband waived any defects in service of process by appearing at the first contempt proceeding).
[3] Mortgagor maintained that a paralegal in the firm representing the foreclosing lender had led the mortgagor into a false sense of security as to the feasibility of mortgagor's payment of her debt and redemption of her property. The trial judge may have given some credence to the claim, because following the hearing, she filed a letter to the counsel for the lender, stating in part:

please take steps that no other pro se litigant is placed in a situation where he or she may be relying on your firm instead of being directed to comply with legal procedures.