971 So.2d 944 (2007)
Niger R. SANCHEZ, Appellant,
v.
Irene A. HERNANDEZ, et al., Appellees.
No. 3D07-244.
District Court of Appeal of Florida, Third District.
December 26, 2007.
Phillip J. Goldstein, Miami, for appellant.
Bernstein, Chackman & Liss and Jonathan Liss and Neil Rose, Hollywood, for appellees.
Before COPE, GREEN, and SALTER, JJ.
SALTER, J.
Niger R. Sanchez appeals a jury verdict, final judgment, and order denying his motion for new trial in a personal injury case. We affirm on all issues submitted to the jury except the determination of Sanchez's past and future non-economic damages. Based on the testimony of the medical experts for both sides, their determinations of permanent impairment, and the substantial amounts awarded by the jury for past medical expenses, future medical expenses, lost wages, and loss of future income, we find that the $701.21 awarded Sanchez for past and future non-economic damages is clearly inadequate and contrary to the manifest weight of the evidence. We therefore reverse and remand the judgment and order below for a new trial limited to non-economic damages.
We review the trial court's denial of Sanchez's motion for new trial for an abuse of discretion. Brown v. Estate of A.P. Stuckey, 749 So.2d 490 (Fla.1999). If reasonable persons could differ as to the denial of the motion, we must affirm. Id. at 498.
In this case, the trial court directed a verdict in favor of Sanchez on causation of the accident. Sanchez was crossing a perimeter road around a shopping mall, and *946 Mrs. Hernandez was driving the car that struck him. At trial, Sanchez's treating physician, Dr. Herrera, testified regarding the surgeries performed to repair Sanchez's left knee, the reconstruction of his anterior cruciate ligament (ACL), his medical bills of $55,402, his rehabilitative therapy, and his fifteen percent permanent disability in his left knee (with a five percent permanent disability of the right knee as well). Importantly, the independent medical evaluation conducted at the request of the defendantsand offered by the defense via videotaped testimony at trialconfirmed Sanchez's complaints of recurring pain in the knee and evaluated the permanent disability in the left knee at twenty percent.
During closing argument, counsel for Sanchez suggested to the jury that $55,000 would be a fair award for Sanchez's past non-economic damages. Defense counsel suggested that $5000 to $10000 "may be much more appropriate." The jury awarded all of Sanchez's past medical expenses, $55,402.43, future medical expenses of $16000, past lost wages of $5000, and future lost income of $2500, all of which are reasonable in light of the trial record.
As past non-economic damages, however, the jury awarded Sanchez $702.21, and it awarded the same amount for future non-economic damages. Those amounts have no discernible origin in the record and are grossly inadequate.
Unlike the disparity between past and future components of damages considered in Allstate Ins. Co. v. Manasse, 707 So.2d 1110 (Fla.1998), and other cases cited by the defendants, the jury's awards to Sanchez for non-economic damages simply have no explanation in the record. Taking into account the lack of controversy in this case over causation, pain associated with the ACL surgery and continuing after maximum medical improvement, Sanchez's permanent disability, and the other elements of the damages verdict, we decline to order a new trial on liability and damages. See Newalk v. Fla. Supermarkets, Inc., 610 So.2d 528, 530 (Fla. 3d DCA 1992). Instead, we reverse and remand solely for a new trial on past and future non-economic damages. See Garrett v. Miami Transfer Co., 964 So.2d 286 (Fla. 4th DCA 2007).
Sanchez's remaining points on appeal (regarding evidence excluded but not proffered for review here, certain rulings on hearsay objections, and objections to statements in closing argument) are not well taken and would in any event be harmless in consideration of the entire trial record.
Affirmed in part, reversed in part, and remanded.