COPE, J.
This is an appeal of an order enforcing a settlement agreement. We affirm.
I.
Defendant-appellee Mercedes Martin is a realtor who agreed to represent plaintiff-appellant Xiomara Lopez in the purchase of a house. At the closing, Lopez executed a quit claim deed conveying one-half of the property to Martin. This left Lopez and Martin as fifty-fifty owners of the property-
The parties had agreed that Martin would be a tenant at will in the house, but she stopped paying rent (although she maintains she has paid some other expenses). Lopez also contends that Martin was never supposed to receive a one-half interest in the property.
Lopez sued for rescission of the quit claim deed, ejectment, and to quiet title. On November 20, 2006, the parties negotiated a settlement with the assistance of the trial judge. This settlement was set forth in the transcript. By the time this occurred, Martin was representing herself.
Under the terms of the agreement, Martin was to pay off the existing mortgage and pay all of Lopez’ out-of-pocket expenses. Upon doing so, Lopez was to convey her one-half interest to Martin. The transaction was to close in sixty days, January 19, 2007.
Important for present purposes, the transcript reflects that Lopez’ counsel said he would grant an extension of time if requested: [Lopez’ counsel]: “I’m not an unreasonable person. If she calls me in 60 days and says I need 15 more days or whatever, I’ll call [sic], I’d rather she get the money than for me to come back here and go through the whole motion of it all.” R. 369-70.
Under the agreement, if Martin failed to purchase the property on the stated terms, then Lopez would be given judgment against Martin for $90,000 plus plaintiffs out-of-pocket expenses. In that event, Martin would transfer title to Lopez.
Lopez’ counsel prepared an “Order Ratifying Stipulation of Settlement” (“December 18 order”). The intent of the December 18 order was to memorialize the terms of the settlement which had been stated on the record on November 20. The trial court signed the order.
Martin applied for financing and received a commitment from Bankers Lending Services, Inc. The parties prepared for a closing but on the deadline date, Martin requested an extension of time of one week to close. Lopez’ counsel refused to grant the extension.
Pursuant to the agreement, Lopez submitted ex parte an affidavit stating that Martin had failed to close and was in default. Lopez sought the monetary judgment plus an order conveying Martin’s half interest from Martin to Lopez.
*1090 On reading the submission, the trial court became concerned that the December 18 order did not accurately reflect the agreement which had been dictated in the transcript of November 20, 2006. On February 2, 2007, the court vacated the December 18 order and ruled that the November 20 transcript would govern. Lopez moved for reconsideration and on February 5, 2007, the trial court conducted an evidentiary hearing.
The testimony established that Bankers Lending Services, Inc., had provided a loan commitment to Martin and transferred the funds to the closing agent. The transaction was ready to close. The testimony indicated that an extension of time was needed because of title issues. Tr., Feb. 5, 2007 at 80.
The evidence established that prior to the deadline, Martin had executed all of the documents that were required of her, but Lopez had refused to execute the deed and other documents that were required for the closing.
At the February 5 hearing, the trial court ruled that there had been no material breach by Martin. The trial court ordered the parties to proceed to a closing on the next day.
Lopez appealed and also moved to disqualify the trial judge, which was granted. The transaction has remained in abeyance during the pendency of this appeal.
II.
This case is in essence a suit for specific performance. The trial court took testimony from the relevant participants in the closing process. The evidence supports the conclusion that Lopez defaulted and Martin did not.
Lopez has prosecuted this appeal on the theory that the trial court did not have any jurisdiction to set aside the December 18 order which ratified the Settlement Stipulation. Lopez says that the trial court had no jurisdiction to modify the remedies available to Lopez in the event that Martin defaulted.
That argument has no practical bearing on this case. The trial court found that Martin did not default. The court found that Martin had complied with the contract and that Lopez refused to close. That being so, it is entirely hypothetical for Lopez to talk about what remedies might have been available to Lopez if Martin had defaulted.*
III.
Lopez contends that the trial court had no jurisdiction to vacate the December 18 order. Lopez is incorrect.
The trial court in this case concluded that its December 18 order did not accurately reflect the parties’ agreement. On February 2, 2007 the court vacated that order and ruled that the transcript would govern the transaction.
Lopez maintains that the trial court had no authority to do this. Lopez reasons that the December 18 order had become final and that the trial court did not have any authority to change it. But Lopez’ analysis is erroneous.
Florida Rule of Civil Procedure 1.540 provides authority to the trial court to vacate an order approving a settlement where the order fails to set forth accurately the terms of the parties’ agreement dictated on the record. Our court has cases squarely on point.
In Marks v. Wertalka, 475 So.2d 273 (Fla. 3d DCA 1985), a settlement was dic *1091 tated on the record. Thereafter a judgment was entered which stated the terms of the settlement but did so incorrectly. In typing up the judgment, the names of two parties, Marks and Rosen, were inadvertently omitted.
This court held that “if the parties announced in open court that their agreement was to include Marks and Rosen as judgment debtors but the written final judgment failed to reflect this, the error is a clerical one and may be remedied ‘at any time’ pursuant to Florida Rule of Civil Procedure 1.540(a).” 475 So.2d at 274.
In another case, we held that the trial court has jurisdiction in such circumstances under Rule 1.540(a) and (b). Bird Lakes Dev. Corp. v. Meruelo, 582 So.2d 119 (Fla. 3d DCA 1991). The trial court had given instructions to the prevailing side to draft an order and told counsel what the order should contain. Id. at 120. When counsel drafted the order, the order did not comply with what the judge had stated but, not realizing the discrepancy, the judge signed the order. Later, the trial court entered a corrected order. This court held that the trial court had jurisdiction to do so under Rules 1.540(a) and (b).
Based on Marks and Bird Lakes, the trial court in the present case clearly had the authority under Rule 1.540 to vacate the December 18 order. However, as previously stated, we need not reach this issue. Even if the December 18 order is left intact, the real issue in the case is, who defaulted? The court concluded that Lopez defaulted, and ordered the parties to proceed to a closing at which Lopez will sell her half interest to Martin. The trial court had jurisdiction, and we perceive no error.
Affirmed.

 Although immaterial here, there is an indication in the transcript that Lopez would have been satisfied (in the event of a default by Martin) to accept a conveyance of Martin's one-half interest in the real estate, without requiring any payment by Martin.