IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LARS PAUL GUSTAVSSON,

      Appellant,

 v.                                      Case No.  5D16-1442

CAROL MARIE HOLDER AND
SEAN LEONARD BECK,

      Appellees.

_____/

Opinion filed January 5, 2018

Appeal from the Circuit Court
for Volusia County,
Sandra C. Upchurch, Judge.

Nancye R. Jones and Mark A. Matovina, of
Politis & Matovina, P.A., Port Orange, for
Appellant.

Elizabeth C. Wheeler, of Elizabeth C
Wheeler, P.A., Orlando, for Appellees.


EGAN, R., Associate Judge,

      Lars Paul Gustavsson appeals the denial of his motion for additur or new trial following judgment entered in his favor, as well as the denial of his subsequent motion for reconsideration. Gustavsson also argues the trial court abused its discretion by declining to grant a new trial on damages and liability based on a compromised verdict.  We reverse on the issue of past non-economic damages only and affirm on the issue of future non-

economic damages. We also affirm on the issue of liability based on a compromised verdict because Gustavsson did not preserve that issue for appeal.

Gustavsson sued appellees Carol Marie Holder and Sean Leonard Beck after being struck and injured as a pedestrian by a vehicle owned by Holder and driven by Beck.[1] With respect to damages, the parties did not dispute that Gustavsson sustained a serious and permanent injury as a result of the accident. He sustained a displaced right femur fracture that required surgical repair with a titanium rod. He also suffered a facial laceration, which required plastic surgery that resulted in permanent facial scarring. Recovery from the leg injury did not go well. Over the three years following the accident, Gustavsson was diagnosed with three MRSA infections of the leg that required at least four additional surgical procedures, including irrigation and debridement of the infected tissue and removal of the titanium rod, which was believed to be the source of the infection. During this time, Gustavsson spent more than eighteen weeks in the hospital, and at trial, he claimed $507,874.95 in past medical expenses.

All of his treating physicians agreed that the subject motor vehicle accident was the cause of the infection and that the initial injury, as well as the subsequent infections, were very painful for Gustavsson. In addition, orthopedic surgeon Thomas Broderick, M.D., performed three compulsory medical examinations on behalf of Beck, culminating in a final written report in January 2015. According to Dr. Broderick, Gustavsson's right knee had stabilized by that time but had a permanent decrease in motion. The right thigh had suffered significant atrophy, and the knee examination was consistent with chronic inflammation. Dr. Broderick agreed that the leg injury would have been painful, opined

---

[1] Carol Marie Holder, Beck's mother, does not participate on appeal.

2

that Gustavsson sustained a permanent injury, and assigned a 25% permanent impairment rating related to the accident.

At the close of the evidence, the trial court directed a verdict for Gustavsson on the issue of permanency and submitted the case to the jury. The jury returned a verdict finding Beck 1% negligent and Gustavsson 99% negligent. The jury awarded Gustavsson $507,667.95 for medical damages, nearly the exact total of the claimed past medical bills, but awarded no damages for pain and suffering, physical impairment, mental anguish, inconvenience, aggravation of disease or physical defect, or loss of capacity for the enjoyment of life.

In light of the directed verdict on permanency and the award of past medical damages, the parties agreed the jury verdict was inconsistent, and the court sent the jury back for further deliberation with the following instruction:

> I have found your verdict to be an inconsistent one.
>
> Because of the Court's finding of permanent injury and the award that you all determined was appropriate of past medical expenses, there must be an accompanying award of pain and suffering in Paragraph 5 of the verdict form.
>
> So I am sending you back to deliberate in that regard, looking at Paragraph 5, and your determination in that regard must be based on the evidence that you have heard.

Eleven minutes later, the jury returned the same verdict for medical damages and added only $1000 for past non-economic damages and $1000 for future non-economic damages.

After trial, Gustavsson moved for additur or, in the alternative, new trial. He specifically argued "the amount of the award is inadequate as a matter of law in that":

(a) The jury found that Defendant's negligence was the legal cause of injury and or loss to Plaintiff. However, the jury failed to award the damages for any future medical expenses based on the manifest weight of the evidence;

(b) The jury found that Defendant's negligence was the legal cause of injury or loss to Plaintiff, however the jury award for past pain and suffering damages was inadequate based on the manifest weight of the evidence;

(c) The jury found that Defendant's negligence was the legal cause of injury and or loss to Plaintiff, however the jury award for future pain and suffering damages was inadequate based on the manifest weight of the evidence;

(d) The jury misconceived the merits of the case relating to the amount of damages recoverable.

Gustavsson made no mention of a request for new trial based on the issue of liability due to a compromised verdict.

The trial court denied the motion without a hearing, and Gustavsson then moved for reconsideration on similar grounds, again without reference to a compromised verdict. The trial court allowed a hearing on the motion, where Gustavsson mentioned for the first time the issue of a compromised verdict as follows:

> [I]f there was a hotly contested liability issue then you get a new trial on damages and liability. And there's no question this one was hotly contested. In fact, my opinion is, that this was a compromised verdict because of the 99 to 1 percent, somebody was holding out, and they compromised the one percent.

The trial court denied reconsideration.

We find that Gustavsson did not preserve the issue of new trial on liability based on a compromised verdict because the initial denial of the motion was jurisdictional and not subject to reconsideration or modification. See State v. Burton, 314 So. 2d 136, 137 (Fla. 1975) (approving the district court's correct legal conclusion that "when a motion for

4

new trial is granted or denied *'absent fraud or clerical error'* . . . 'the court is without authority to entertain or consider a petition for re-hearing addressed to such an order'"); Owens v. Jackson, 476 So. 2d 264, 264 (Fla. 1st DCA 1985). Specifically, an order granting or denying a new trial confers a substantive right and is not interlocutory in nature. Burton, 314 So. 2d at 137; Owens, 476 So. 2d at 264. Accordingly, unlike an interlocutory order, it is not subject to modification. Huffman v. Little, 341 So. 2d 268, 269 (Fla. 2nd DCA 1977).

With respect to the issue of additur or new trial based on inadequate non-economic damages awarded in a motor vehicle accident case, section 768.043, Florida Statutes (2015), provides that courts "shall consider" the following factors for "determining whether an award is clearly excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate":

> (a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.
>
> (b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.
>
> (c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation or conjecture.
>
> (d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered.
>
> (e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

5

Here, considering these factors, we conclude that the trial court erred by not granting additur or a new trial on the issue of past non-economic damages. The jury initially awarded no non-economic damages despite: (1) the unanimous opinion of all physicians involved that Gustavsson sustained a serious and painful injury that resulted in numerous MRSA infections requiring more than four months of hospitalization; (2) being instructed that Gustavsson had sustained a permanent injury as a matter of law; and (3) awarding over half a million dollars in past medical expenses. After the trial court instructed the jury to award damages for pain and suffering, it deliberated for only eleven more minutes before awarding $1000 for past non-economic damages and $1000 for future non-economic damages. Under the facts of this case, the award for past non-economic damages was inadequate as a matter of law and subject to additur or a new trial.

This case is similar to Sanchez v. Hernandez, 971 So. 2d 944, 945-46 (Fla. 3d DCA 2007), in which the defendant's vehicle struck the plaintiff as he crossed a road, resulting in multiple surgeries to the left knee, recurring pain, and a 15 to 20% permanent disability. The jury awarded past medical expenses of $55,402.43, future medical expenses of $16,000, and past wage loss of $5000, but only $702.21 for past non-economic damages and the same amount for future non-economic damages. Id. at 946. The Third District Court of Appeal held, "Unlike the disparity between past and future components of damages considered in [Allstate Insurance Co. v. Manasse, 707 So. 2d 1110 (Fla. 1998)], and other cases cited by the defendants, the jury's awards to Sanchez for non-economic damages simply have no explanation in the record." Id.

6

Here, the evidence of past non-economic damages was both overwhelming and undisputed. Under the facts of this case, the jury's verdict on such damages has no explanation in the record, and it is apparent that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amount of past non-economic damages recoverable. Likewise, the amount of past non-economic damages awarded bears no reasonable relation to the substantial amount of economic damages proved and the injury suffered.[2]

Accordingly, we reverse the denial of the motion for additur and remand for either an additur award or a new trial on past non-economic damages only in accordance with section 768.043, Florida Statutes.

REVERSED and REMANDED.

COHEN, C.J. and EISNAUGLE, J., concur.

---

[2] We do not disturb the jury's verdict or the trial court's ruling regarding future economic or non-economic damages because future damages are, by nature, less certain than past damages. See Manasse, 707 So. 2d at 1111. In this case, the jury made no award for future medical expenses, and Gustavsson testified the pain had improved and there were periods in between surgeries where he indicated no pain.