707 So.2d 1110 (1998)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Myrda MANASSE, Respondent.
No. 89366.
Supreme Court of Florida.
January 15, 1998.
Rehearing Denied April 2, 1998.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Nelson, P.A., West Palm Beach, for Petitioner.
James P. Cooksey of Cooksey & Cooksey, P.A., Riviera Beach, and K. Jack Breiden, Naples, for Respondent.
Roy D. Wasson and Barbara Green, Coral Gables, for the Academy of Florida Trial Lawyers, Amicus Curiae.
SHAW, Justice.
We have for review a decision addressing the following questions certified to be of great public importance:
WHERE A JURY FINDS THAT A PLAINTIFF HAS SUSTAINED A PERMANENT INJURY AND AWARDS FUTURE MEDICAL EXPENSES, BUT AWARDS NO FUTURE INTANGIBLE DAMAGES, IS THE VERDICT INADEQUATE AS A MATTER OF LAW? IF SUCH A VERDICT REQUIRES A NEW TRIAL, MUST THE PLAINTIFF HAVE OBJECTED BEFORE THE DISCHARGE OF THE JURY?
Allstate Ins. Co. v. Manasse, 681 So.2d 779, 784 (Fla. 4th DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Myrda Manasse was injured in an automobile accident with an uninsured tortfeasor and sued Allstate Insurance Company (Allstate), her uninsured/underinsured motorist *1111 carrier, to recover damages. The jury found that Manasse suffered a permanent injury and awarded her $10,000 over a forty-year period for future medical expenses, $2,000 for past noneconomic damages, and zero for future noneconomic damages. In her motion for a new trial, Manasse claimed that the verdict was inconsistent, inadequate, and contrary to the manifest weight of the evidence, inasmuch as the jury found that she sustained a permanent injury and awarded her damages for future medical treatment. The trial court denied her motion. The Fourth District Court of Appeal reversed the judgment and remanded the cause for a new trial on damages, concluding that the zero verdict for future noneconomic damages was inadequate as a matter of law in light of the jury's findings of permanent injury and substantial future medical expense. Manasse, 681 So.2d at 784. The district court certified the above referenced questions to this Court.
Manasse argues that the district court was correct in reversing the trial court's denial of her motion for a new trial. We disagree. The judicial determination on a motion for a new trial is a discretionary act of the trial court:
When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached.
Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959) (citations omitted). We reiterated the rule recently in State v. Spaziano, 692 So.2d 174 (Fla.1997), wherein we stated:
A motion for a new trial is addressed to the sound judicial discretion of the trial court, and the presumption is that [it] exercised that discretion properly. And the general rule is that unless it clearly appears that the trial court abused its discretion, the action of the trial court will not be disturbed by the appellate court.
Id. at 177 (quoting Henderson v. State, 135 Fla. 548, 562, 185 So. 625, 630 (1938) (Brown, J., concurring specially)). The appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion, to wit, "discretion is abused only where no reasonable [person] would take the view adopted by the trial court." Huff v. State, 569 So.2d 1247, 1249 (Fla.1990).
In the instant case, the trial court denied Manasse's motion for a new trial, reasoning that "[t]he jury awarded $10,000 for future medical expenses, precisely what plaintiff requested in closing for palliative care. The jury could reasonably have concluded such palliative care was reasonable but that future pain and suffering was either not proven by the greater weight of the evidence or was not compensable." The record evidence supports the trial court's finding. Manasse presented one witness, her chiropractor, to testify as to the necessity of future medical care. He recommended continuing conservative therapy, and the jury awarded funds to cover three to four visits per year at her chiropractor's rate. Allstate presented evidence disputing that Manasse sustained a permanent injury; that she would need future chiropractic care; and that her condition would necessarily cause pain. Allstate's evidence further suggested that any continued complaints of pain could be for reasons unrelated to the August 1992 accident, such as Manasse's excessive weight, strenuous sporting and weightlifting activities, or a subsequent accident.[1]
Our review of the lower court's ruling reveals no abuse of discretion, for we are unable to say, after reviewing the evidence as a whole, that no reasonable person would agree with the trial court's ruling. Our conclusion is buttressed by Judge Klein's reasoning:
Future damages are, by nature, less certain than past damages. A jury knows for a fact that a plaintiff has incurred past medical expenses, and, when it finds those expenses to have been caused by the accident, there is generally something wrong when it awards nothing for past pain and suffering. The need for future medical expenses is often in dispute, however, as it was here. It does not necessarily therefore *1112 follow, in my opinion, that an award of future medical expenses requires an award of noneconomic damages.
Our standard jury instructions do not require consistency in these verdicts. They allow a jury to return a verdict finding a permanent injury, but do not require an award of damages.
Manasse, 681 So.2d at 785 (Klein, J., dissenting).
Based on the foregoing, we answer the first certified question in the negative, which renders the second question moot. We quash the decision below and remand this cause to the district court with directions to reinstate the judgment of the trial court and to address the unresolved question regarding attorney's fees.[2]
It is so ordered.
OVERTON, HARDING and WELLS, JJ., and GRIMES, Senior Justice, concur.
ANSTEAD, J., dissents with an opinion in which KOGAN, C.J., concurs.
ANSTEAD, Justice, dissenting.
I would approve the decision of the district court. Like it or not, we have approved the use of interrogatory verdicts and cannot now ignore what they tell us. In fact, we should be pleased that we have some way to check the work of the jury. In this case, the interrogatory verdict tells us that the jury found that the plaintiff would need future palliative care, i.e., future medical treatment for pain. However, the jury provided the plaintiff no compensation for the pain itself. Under our system of compensatory damages for injury, a fact-finder is obligated to provide compensation for pain and suffering once it is demonstrated that the pain and suffering will occur. Under our decision today, we have vested discretion in judges and juries to deny compensation for pain and suffering even though they find it exists. That, in my view, is turning our compensatory damage law on its head. It is one thing for a fact-finder to be free, where the evidence is in conflict, to determine whether pain exists; it is quite another for that fact-finder to determine it exists but to deny compensation.
KOGAN, C.J., concurs.
NOTES
[1] Manasse was involved in a second accident in April 1993.
[2] We decline to address this issue, which is outside the scope of the certified questions. See Manasse, 681 So.2d at 780 n. 1 ("Because of our reversal for a new trial, we do not reach the issue raised by appellant/cross-appellee Allstate Insurance Company as to whether the trial court improperly failed to award attorney's fees pursuant to the offer of judgment statute, section 768.79, Florida Statutes (1993).").