707 So.2d 845 (1998)
Tandra L. HOWARD, Appellant/Cross-Appellee,
v.
Jorge Enrique PEREZ, Appellee/Cross-Appellant.
No. 96-01893.
District Court of Appeal of Florida, Second District.
February 27, 1998.
*846 Stuart C. Markman and Susan H. Freemon of Kynes, Markman & Felman, P.A., Tampa, for Appellant/Cross-Appellee.
Daniel P. Mitchell of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for Appellee/Cross-Appellant.
BLUE, Judge.
Tandra L. Howard appeals an order granting a new trial on both liability and damages in her action to recover for injuries she received in an automobile accident. Howard contends the trial court erred by expanding the issues to be heard at the new trial beyond the question of future noneconomic damages. Because the record does not support the court's determination that the defendant's liability was in substantial dispute and "hotly contested," we reverse the portion of the court's order granting a new trial on the issue of liability. However, because the court did not abuse its discretion in its determination that the jury's verdict was both inadequate and inconsistent, we affirm the grant of a new trial on all damages.
Howard was a passenger in a subcompact car driven on a two-lane road by her aunt, Vivian Dentmon. At trial, Howard testified that Dentmon's car was forced off the road by a tractor-trailer truck driven by Jorge Perez, resulting in personal injuries to Howard. An independent eyewitness to the accident testified that Perez's truck skidded and crashed into a second tractor-trailer truck stopped at the intersection just as Dentmon's car approached from the opposite direction. The eyewitness observed the tractor portion of Perez's vehicle cross over into Dentmon's lane and force her car off the shoulderless road into the adjoining ditch. A second nonparty witness also confirmed that the rear section of Perez's vehicle crossed the center line into the opposite lane.
In response to these eyewitness accounts, Perez offered the testimony of an accident reconstructionist and a human factors expert. Both defense experts opined that Dentmon should have been able to successfully pass Perez's vehicle. Essentially, the defense experts attempted to convince the jury that, based on their calculations, the accident could not have occurred as the eyewitnesses testified. After considering all the evidence, the jury determined the legal cause of Howard's damages was 100% attributable to the negligence of Perez. The jury separately found Howard responsible for 25% of her damages because she failed to wear a seat belt.
In order to grant a new trial on both liability and damages, the trial court must determine the liability issues were "hotly contested" and a matter of substantial *847 dispute at trial. See Een v. Rice, 637 So.2d 331, 333 (Fla. 2d DCA 1994). However, when a jury expressly finds that a defendant's negligence is the sole legal cause of a plaintiff's damages, as it did in this case, the result cannot be characterized as substantially disputed or hotly contested. The court erred by granting a new trial on liability because the jury unequivocally resolved all disputed factual issues on liability in favor of Howard.
Perez asserts the grant of a new trial on damages was error because the zero verdict for future noneconomic damages with an award for future medical expenses was neither inconsistent nor inadequate. We disagree. Although the supreme court recently held that failure to award future noneconomic damages under these circumstance does not automatically result in an inconsistent or inadequate verdict as a matter of law, the trial judge has the discretion to determine whether a particular verdict is inconsistent or inadequate. See Allstate Ins. Co. v. Manasse, 707 So.2d 1110 (Fla.1998) ("The judicial determination on a motion for a new trial is a discretionary act of the trial court.") Because the trial court did not abuse its discretion in finding that the damage award in this case was inconsistent and inadequate, we affirm the grant of a new trial on damages.
Finally, Perez asserts Howard should be estopped from raising the issue of an inconsistent and inadequate verdict on appeal because she failed to raise it with the court prior to the discharge of the jury. Perez is incorrect. A verdict that is both inconsistent and inadequate can be reviewed by a motion for a new trial without an objection to the form of the verdict. See Ludwig v. Ladner, 637 So.2d 308, 310 (Fla. 2d DCA 1994).
Because the trial court properly ordered a new trial on damages, we affirm that part of the order granting a new trial. However, because the record does not support granting a new trial on the question of liability, we reverse that portion of the trial court's order. Accordingly, we affirm in part, reverse in part, and remand for a new trial on the issue of all damages.
Affirmed in part, reversed in part, and remanded.
PARKER, C.J., and QUINCE, J., concur.