ORFINGER, M., Senior Judge.
This appeal is from an order granting a new trial on damages in this negligence action. Appellee’s vehicle was rear-ended by appellant’s vehicle, from which appellee contended that she suffered a permanent injury. At trial, the court directed a verdict for appellant on the issue of permanency, but granted a new trial on the issue of damages because the jury returned a verdict for $2400 for past damages in the light of medical bills totalling slightly more than $5000, and awarded nothing for future medical expenses and nothing for either past or future medical expenses.
The jury found appellant 100% negligent for causing the collision, and there is no basis for disturbing this finding on appeal. However, in the light of the conflicting evidence on the issue of permanency, the directed verdict was error. A directed verdict should be affirmed only where, viewing the evidence in a light most favorable to the non-moving party, the trier of fact could not have reasonably differed on the finding of essential material facts. Laberge v. Vancleave, 534 So.2d 1176 (Fla. 5th DCA 1988), rev. denied, 545 So.2d 1369 (Fla.1989). Here there was conflicting evidence on the issue of permanency. Although appellee’s expert testified that appellant had sustained a permanent injury from this accident, appellant’s expert testified that he was not absolutely sure one way or the other that appellee had sustained a permanent injury, but thought that appellee had embellished her comments and had exaggerated her claims. Thus, the question of whether appellee had sustained a permanent injury was one for the jury. La-berge, supra and cases cited therein.
Since we agree that a new trial on damages only is warranted but that the issue of permanency must go to the jury, we affirm the order granting a new trial on damages only, but reverse the directed verdict on liability. However, we must point out that the trial court’s finding that the jury award was inadequate, based on the opinion in Allstate Insurance Company v. Manasse, 681 So.2d 779 (Fla. 4th DCA 1996), was erroneous. See Allstate Insurance Company v. Manasse, 707 So.2d 1110 (Fla.1998). The jury is free to believe that even in the presence of a permanent injury, an award of future damages is not required.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
COBB and W. SHARP, JJ., concur.