OWEN, WILLIAM C., Jr., Senior Judge.
Before the jury’s verdict was recorded and the jury discharged in this personal injury action, the trial court determined that the verdict finding plaintiff had sustained a permanent injury but awarding her no future damages was inconsistent. Over defendant appellant’s objection the same verdict was resubmitted to the jury with instructions to add an award for future damages. Defendant appeals from the judgment entered on the amended verdict. We reverse with instructions to re-instate the initial verdict.
Appellee’s injuries arose out of an automobile collision. Liability was not in issue; however, permanency of injury and damages were both contested. As to the contested issues, there was substantial competent evidence from which the jury could have concluded that despite appellee having sustained a permanent injury she had not proved that she would incur future losses for which damages should be awarded.
At the time of the jury trial in May 1997, this court’s opinion in Allstate Insurance Company v. Manasse, 681 So.2d 779 (Fla. *888 4th DCA 1996), had been published. In that case the court stated, at 781:
Once a jury makes the legally significant determination that an injured person sustained a permanent injury within reasonable medical probability, the jury should award some amount of money for intangible damages — even if only a relatively nominal amount. See Kirkland [v. Allstate Ins., Co., 655 So.2d 106 (Fla. 1st DCA 1995) ].
It is clearly the right and duty of the court before discharging the jurors to call their attention to a defective verdict and give them an opportunity to return a proper verdict. Tobin v. Garry, 127 So.2d 698 (Fla. 2d DCA 1961). The trial court, being cognizant of the foregoing, immediately recognized that the jury’s verdict did not measure up to this court’s holding in Manasse. The court called counsel to the bench and informed them of its intention to resubmit the verdict to the jury with instructions that the jury must award future damages. Appellant’s counsel initially objected to such a procedure, but subsequently acquiesced to an instruction only on the element of future pain and suffering, maintaining objection as to any future economic damages. The jury then retired and shortly returned with the amended verdict which, at that point and in accordance with the court’s instructions, included itemized damages for future pain and suffering, future loss of earnings and future medical expenses.
Some seven months after the judgment was entered in this ease, the supreme court issued its opinion in Allstate Insurance Company v. Manasse, 707 So.2d 1110 (Fla.1998), which quashed this court’s Manasse opinion and held, in effect, that a jury verdict finding a plaintiff has sustained a permanent injury but awarding no future intangible damages is not inadequate as a matter of law.
On the authority of the supreme court’s opinion in Allstate Insurance Company v. Manasse, supra, we conclude that it was error for the trial court to reject the jury’s initial verdict and to resubmit the verdict to the jury for the purpose of adding thereto damages for future losses. We also note, by way of dicta, that when a trial court resubmits a verdict to a jury because of an apparent defect the entire cause remains in the hands of the jury and the jurors are not bound by their former action. See Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (Fla.1966).
The judgment is reversed and this cause is remanded to the trial court. Upon the date mandate of this court is lodged in the trial court, the amended verdict shall be deemed vacated and the jury’s initial verdict deemed returned and recorded, thereby affording the parties the opportunity to timely file post-verdict motions should they be so advised. See Howard v. Perez, 707 So.2d 845 (Fla. 2d DCA 1998).
REVERSED AND REMANDED.
STONE, C.J., and GROSS, J., concur.