727 So.2d 1140 (1999)
Sherry Mayfield MAYO and Jerry Mayo, her husband, Appellants,
v.
Emerentienn F. GAZAROSIAN and State Farm Mutual Automobile Insurance Company, Appellees.
No. 97-1600.
District Court of Appeal of Florida, Fifth District.
March 18, 1999.
*1141 Raymonda A. Chakhtoura and Benjamin Y. Saxon of Law Offices of Benjamin Y. Saxon, P.A., Melbourne, for Appellants.
Richard A. Sherman and Rosemary B. Wilderof Richard A. Sherman, P.A., Fort Lauderdale, and John F. Colowich of John F. Colowich, Vero Beach, for Appellees Gazarosian.
Kendall B. Rigdon of Rigdon, Muckerman, Alexander, Gerjel & Rigdon, P.A., for Appellee State Farm.
W. SHARP, J.
Mayo appeals after a jury trial in which she was awarded approximately $50,000 for injuries she sustained in an automobile accident on September 2, 1992. Liability had been admitted prior to trial and the trial concerned only damages. The jury awarded Mayo sums for past and future medical expenses, past pain and suffering, and $1,000 to Mayo's husband for loss of consortium. We affirm.
Mayo initially argues on appeal that the jury's zero verdict for future pain and suffering and loss of consortium is contrary to the manifest weight of the evidence and was inadequate as a matter of law. There was conflicting evidence as to whether some of her complaints and physical problems existed prior to the accident in this case, due to other injuries and accidents. There was also evidence that although Mayo would need additional future medical attention for those injuries attributable to the accident in this case, the treatments would not involve pain and suffering or loss of consortium for her husband. Thus, we cannot agree the trial court erred in denying a new trial on that ground. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). The Florida Supreme Court has also now ruled that such verdicts are not inadequate as a matter of law. Allstate Insurance Co. v. Manasse, 707 So.2d 1110 (Fla.1998).
Mayo also urges that the trial court erred in not granting a new trial due to defense counsel's improper comments, arguments, and proffers of evidence. She claims they amounted to fundamental error and deprived her of a fair trial Some of the claimed errors in this regard were preserved by objections, some were not, and in general, the errors which the trial court sustained were not encompassed in Mayo's motions for mistrial.
In Seaboard Air Line Railroad Co. v. Strickland, 88 So.2d 519 (Fla.1956), the court held that a judgment will not be reversed for unpreserved error unless the prejudicial conduct, in its collective impact, is so extensive that its influence pervades the trial "gravely impairing a calm and dispassionate consideration of the evidence and merits." Seaboard. See Tyus v. Apalachicola No. Railroad Co., 130 So.2d 580 (Fla.1961); See Fravel v. Haughey, 24 Fla. L. Weekly D492, 727 So.2d 1033 (Fla. 5th DCA 1999).
We agree that defense counsel made numerous improper comments in this case, including expressing the attorney's personal opinion concerning credibility of witnesses and asserting personal knowledge of facts. These arguments were addressed to the trial judge on motion for new trial. After consideration of the totality of the trial and its outcome, the judge concluded the improper conduct of defense counsel had not prejudiced the outcome of the trial and the jury had come up with a fair result. After reviewing the whole of the trial transcript and record on appeal, we agree. This is not a case in which fundamental error occurred necessitating a new trial.
AFFIRMED.
ORFINGER, M., Senior Judge, concurs.
COBB, J., concurs in result.