SORONDO, J.
Eva Risley slipped and fell on landscaping stones in the walkway leading out of the Chart House restaurant in Miami, FL. She fractured her right hip and had to have hip replacement surgery.
Ms. Risley remained in the hospital for ten days followed by two weeks of inpatient rehabilitation and therapy. The hip surgery was successful. She regained her function and post-surgical pain subsided. However, Risley alleged that her injury aggravated a pre-existing arthritic condition in her right knee. She subsequently underwent knee replacement surgery and spent several weeks in the hospital. The Chart House denied liability and the case proceeded to trial on all issues.
At the close of the evidence, the standard charges were agreed to and read. The jury found both the Chart House and Risley negligent, and it apportioned 40% fault to the Chart House and 60% fault to Risley. The jury awarded her all of her medical expenses incurred in the past in the amount of $105,000, which included the cost of both surgeries and hospitalizations, and $5,000 for her medical expenses to be incurred in the future. The jury awarded her nothing for her pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life in the past and zero for the same damages in the future.
Before the jury was discharged, Risley’s counsel objected to the verdict as being *144 inconsistent and inadequate. The Chart House' agreed. The parties agreed to have the trial court re-charge the jury on the standard damage instructions which the court did. Upon reinstruction and reconsideration, the jury awarded Risley $1,000 for past pain and suffering and $1,000 for future pain and suffering.
Risley then filed a renewed motion for directed verdict on the issue of Risky’s comparative negligence and a motion for new trial. The trial court denied the motions without a hearing and entered final judgment on the verdict. Pursuant to the jury’s finding of comparative negligence, the gross verdict was reduced to $44,800 and final judgment was entered. This appeal followed.
Risley argues that the trial court abused its discretion in denying her motion for a new trial on the issue of non-economic damages. We agree.
The undisputed evidence was that Risley underwent hip replacément surgery and a total knee replacement surgery and spent several weeks in the hospital as a result of this slip and fall.[1] The jury confirmed that the surgeries were caused by the Chart House’s negligence and awarded Risley all of her medical expenses incurred. The jury’s $1,000 for past and future non-economic damages were grossly inadequate and unreasonable. Although Risley experienced a remarkable recovery, a fact that might reduce her ultimate award for future non-economic damages, the gravity of the surgeries she underwent and the pain and suffering associated with these surgeries and the rehabilitative process, particularly at her advanced age of eighty-two, are clearly far greater than that represented by the nominal award of $1,000.[2]
In Dolphin Cruise Line, Inc. v. Stassinopoulos, 731 So.2d 708, 710 (Fla. 3d DCA 1999), this Court stated that where “the evidence is undisputed or substantially undisputed that a plaintiff has experienced and will experience pain and suffering as a result of an accident, a zero award for pain and suffering is inadequate as a matter of law.” See also Ramey v. Winn Dixie Montgomery, Inc., 710 So.2d 191 (Fla. 1st DCA 1998). Accordingly, we conclude that the trial judge abused her discretion by denying the motion for new trial and reverse for a new trial solely on the issue of past and future non-economic damages.
Reversed and remanded with instructions.

. The evidence established a 15% permanent impairment rating.

. We note that the jury initially decided not to award any non-economic damages. It was only after being reinstructed that it returned its nominal award.