GREEN, J.
The Heat Express, Inc. (“Heat Express”), defendant below, appeals an order granting a new trial to Ralph and Marie Henry, plaintiffs below, on the issue of damages in their personal injury action. We affirm, as we cannot conclude that the trial court abused its discretion in ordering a new trial on this issue.
Ralph Henry was injured by a Heat Express employee who was in the process of unloading a large commercial pizza oven from a truck. The oven fell from a lift three and one half feet above the ground onto Mr. Henry, hitting his shoulder and right leg. Mr. Henry and his wife, Marie, sued Heat Express in the action below to recover damages. The case was bifurcated and initially tried on the issue of liability and comparative negligence. The jury-returned a verdict finding Heat Express 70% liable, and assigning 30% comparative negligence to Henry.
The case then proceeded to trial on the issue of damages. At the close of the evidence, the trial court granted the plaintiffs motion for directed verdict on the issue of permanency of Henry’s injuries. Heat Express has not challenged this directed verdict on appeal.
During closing argument, the Henrys argued to the jury that the jury should award Ralph Henry $44,001 for past medical expenses and $3,240 for future medical expenses; $12,563.83 for past wage loss [1]; $65,000 for past non-economic damages and $60,000 for future non-economic damages. The Henrys also requested that the jury award Mrs. Henry $10,000 for her past loss of consortium and $5,000 for her future losses. The jury returned its ver- *161 diet awarding Mr. Henry $23,663 for past medical expenses and $5,800 for past wage losses. The jury determined the present value of his future medical expenses to be $2,220. The jury further awarded him $20,000 in past non-economic damages, but zero dollars for future non-economic damages. As for Mrs. Henry, the jury awarded her $4,000 for her past loss of consortium and $5,000 for her future losses.
The appellees/plaintiffs filed a motion for additur or new trial for damages on the grounds that the jury’s zero award for Mr. Henry’s future non-economic damages was against the manifest weight of the evidence and was inadequate. After a hearing was held on the motion, the trial court denied the motion for additur, but granted the motion for new trial. The trial court found that based upon the undisputed evidence at trial, the jury’s failure to make any award for future non-economic losses was inadequate and against the manifest weight of the evidence. The trial court based its opinion on the credibility of the witnesses who testified that Mr. Henry had suffered a permanent injury which would require future surgery as a result of the accident. In addition, the court found that the evidence regarding Mr. Henry’s injuries and the effect of those injuries was substantially undisputed or never seriously challenged by the Heat Express at trial.
The Heat Express took the instant appeal from the order granting the plaintiffs motion for new trial on the issue of damages. It urges that there was evidence supporting the jury’s zero award for future non-economic damages and that this order thus runs afoul of Allstate Ins. Co. v. Manasse, 707 So.2d 1110 (Fla.1998).
We begin our analysis by recognizing that a motion for a new trial is directed to the sound, broad discretion of the trial court, and the presumption is that the court exercised its discretion properly. See Allstate, 707 So.2d at 1111. Unless it clearly appears that the trial court abused its discretion, the action of the trial court will not be disturbed on appeal. Id.
In its seminal decision of Cloud v. Fallis, 110 So.2d 669 (Fla.1959), the Florida Supreme Court explained the trial judge’s duty in considering a motion for a new trial based on the verdict being against the manifest weight of the evidence:
When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached.
When the judge who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influence by considerations outside the record.
See 110 So.2d at 673 (citations omitted).
Where, as here, an appellate court is called upon to review an order granting a new trial on these grounds, that court stated that “[ijnasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused.” Id. Moreover, the court explained, the party challenging the order granting a new trial:
cannot content himself simply to submit the record and expect the order to be *162 upset if the reviewing body finds, in cold type without the benefit of any of the circumstances known to the trial judge and never to be known to the appellate court that there appears to be some substantial, competent evidence supporting the verdict, (emphasis added).

Id.

Although the trial court found the evidence as to the permanency of Mr. Henry’s injuries and the future effects thereof to be undisputed, the Heat Express argues on this appeal that there was evidence adduced at trial from which the jury could have based its zero damage award for Mr. Henry’s future non-economic damages. As such, Heat Express maintains that the trial court was required to deny the plaintiffs motion for new trial in accordance with Allstate Ins. Co. v. Manasse, supra. In Allstate, the jury found that the plaintiff had suffered a permanent injury and awarded her $10,000 over a forty-year period for future medical expenses, $2,000 for past non-economic damages, and zero for future non-economic damages. The plaintiff filed a motion for a new trial on the grounds that the verdict was inconsistent, inadequate, and contrary to the manifest weight of the evidence, given the jury’s finding that she sustained a permanent injury and its award of damages for future medical treatment. The trial court denied this motion, reasoning that the evidence as to future pain and suffering was either not proven by the greater weight of the evidence or was not compensable.
The Fourth District Court of Appeal reversed this finding and held that the verdict was inadequate as a matter of law where the jury found that the plaintiff had sustained a permanent injury and awarded future medical expenses. See Allstate, supra. The court, however, certified the following question to the Supreme Court:
WHERE A JURY FINDS THAT A PLAINTIFF HAS SUSTAINED A PERMANENT INJURY AND AWARDS FUTURE MEDICAL EXPENSES, BUT AWARDS NO FUTURE INTANGIBLE DAMAGES, IS THE VERDICT INADEQUATE AS A MATTER OF LAW?
The Supreme Court answered this question in the negative and concluded that the evidence supported the trial court’s finding that the jury could have reasonably concluded that the future non-economic damages were either not proven by the greater weight of the evidence or were not compensable. In particular, the court pointed out that Allstate had adduced evidence which suggested that any continued complaints of pain could be for reasons unrelated to the subject accident, such as Manasses’ excessive weight, strenuous sporting and weightlifting activities, or a subsequent accident. See 707 So.2d at 1111.
It is important to note that declining to find the verdict to be inadequate as a matter of law, however, the Supreme Court did not divest the trial judges of their discretionary powers in entertaining motions for a new trial, as the Heat Express seems to urge on this appeal. See Howard v. Perez, 707 So.2d 845 (Fla. 2d DCA 1998). In fact, the Allstate court reiterated its earlier principles set forth in Cloud v. Fallis, and subsequently espoused in State v. Spaziano, 692 So.2d 174, 177 (Fla.1997):
A motion for a new trial is addressed to the sound judicial discretion of the trial court, and the presumption is that [it] exercised that discretion properly. And the general rule is that unless it clearly appears that the trial court abused its discretion, the action of the trial court will not be disturbed by the appellate court.
*163 Id. The court went on to explain that an appellate court should apply the reasonableness test to determine whether the trial court abused its discretion, to wit, “discretion is abused only where no reasonable [person] would take the view adopted by the trial court.” Id. (citations omitted).
With this in mind, we cannot conclude that the trial court abused its discretion in ordering a new trial based upon the record evidence before us. See also Dolphin Cruise Line, Inc. v. Stassinopoulos, 731 So.2d 708 (Fla. 3d DCA 1999); Risley v. Chart House, Inc., 756 So.2d 143 (Fla. 3d DCA 2000). After reviewing the trial evidence in toto, we are unable to say that no reasonable person would agree with the trial court’s order. For that reason, we affirm the order under review.
Affirmed.

. Mr. Henry did not seek an award for future lost earning capacity.