937 So.2d 1284 (2006)
Anna GEBIS a/k/a Anna Gebis-Slowinska, Appellant,
v.
The OAKS CONDOMINIUM ASSOCIATION, INC., et al., Appellee.
No. 4D05-2736.
District Court of Appeal of Florida, Fourth District.
October 4, 2006.
*1285 Casey A. Fundaro of Tripp Scott, P.A., Fort Lauderdale, for appellant.
Richard A. Sherman, Sr. and Richard A. Sherman, Jr. of the Law Offices of Richard A. Sherman, P.A., and David R. Strong of the Law Offices of Leonard C. Bishop, Fort Lauderdale, for appellee.
STEVENSON, C.J.
In this personal injury action, a jury found The Oaks Condominium Association solely liable for Anna Gebis's injuries and awarded her the exact amount of her past medical expenses. The jury awarded nothing for past non-economic damages, future medical expenses, and past or future economic damages. Gebis filed a motion for new trial, contending that the jury's verdict is inadequate given its finding of liability and award of damages for past medical expenses and that a new trial on non-economic damages is warranted. We disagree and affirm the trial court's denial of the motion.
Gebis testified at trial that she was injured on July 4, 1999, when she tripped and fell walking to a barbeque at The Oaks. According to Gebis, although she was in pain and unable to walk, she did not seek immediate medical care because the injury occurred on a Sunday, during a holiday, and she "didn't want to bother anybody." When she went to the emergency room the following day, her leg was swollen and discolored. She was diagnosed with a nondisplaced fracture near her left little toe (fifth metatarsal) and received therapy until March 2000. Gebis alleged she stopped receiving medical care because she did not want to complain, did not want to take time off from work, and had financial constraints. The parties presented conflicting evidence regarding Gebis's contribution to, and the permanence of, the injury.
During closing argument, counsel for Gebis asked that she be compensated $5,000 for "hav[ing] a black foot and horrible pain." Counsel also suggested that when awarding damages, the jury also consider her "disability, physical impairment, disfigurement, mental anguish, [and] inconvenience." Regarding inconvenience, Gebis's attorney specified only that "[t]here's several past inconveniences. How much, I don't know." As to why Gebis was not seeking future lost earnings, counsel informed the jury that "[s]he wasn't affected at work."
"When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge." Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959). The Supreme Court of Florida has instructed that an "appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion, to *1286 wit, `discretion is abused only where no reasonable [person] would take the view adopted by the trial court.'" Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla. 1998) (quoting Huff v. State, 569 So.2d 1247, 1249 (Fla.1990)). Under the circumstances before us, we cannot say the trial court was unreasonable in making its determination.
We are aware that, in Manasse, the supreme court quoted with approval Judge Klein's dissent in Allstate Insurance Co. v. Manasse, 681 So.2d 779, 784-85 (Fla. 4th DCA 1996), which stated:
"Future damages are, by nature, less certain than past damages. A jury knows for a fact that a plaintiff has incurred past medical expenses, and, when it finds those expenses to have been caused by the accident, there is generally something wrong when it awards nothing for past pain and suffering."
707 So.2d at 1111. However, simply because "there is generally something wrong" when a jury awards damages for past medical expenses but nothing for past pain and suffering does not mean there is always something wrong. In the instant case, we cannot say that the trial court abused its discretion in denying the motion for new trial.
Affirmed.
STONE, J., and BATEMAN, III, THOMAS HOWELL, Associate Judge, concur.