CASANUEVA, Judge.
Adam S. Katz appeals from a final judgment of dissolution of marriage, raising two issues. He claims first, that errors in the equitable distribution schedule require reversal. Second, he argues that the trial court abused its discretion in awarding bridge-the-gap and rehabilitative alimony to Jennifer J. Katz. We conclude, on this record, that the trial court’s equitable distribution does not constitute an abuse of discretion and requires no further discussion because there is substantial, competent evidence to support the trial court’s rulings. But one aspect of the rehabilitative alimony award is troubling and requires the trial court’s reconsideration.
The parties were married in 2004. Dr. Katz is a high-earning medical doctor whose private practice specializes in treatment of the lungs. Mrs. Katz is a certified and licensed nutritionist who, at the time of their marriage, was on medical disability from her hospital-based position due to a painful nerve condition. Based on Mrs. Katz’s training and experience, during the marriage the couple started a nutrition and weight management business for her to run. But the business never made a profit and accumulated large debts that Dr. Katz paid both before and after the petition for dissolution was filed. The couple, still relatively young, had no children and enjoyed a very high standard of living based on Dr. Katz’s earnings throughout their short-term marriage. It does not appear that Mrs. Katz or her business made any economic contribution to the marriage.
Dr. Katz filed for dissolution in September 2007. After that, the dissolution proceedings were acrimonious and protracted. The delays were primarily due to Mrs. Katz’s deteriorating mental and physical condition. She was twice hospitalized for emotional disturbances. The second hospitalization lasted several months, from early September 2008 to the middle of January 2009. She was under guardianship from March 2009 to the following December. At the time of the final hearing in June 2010, Mrs. Katz had not worked in her business for well over a year.
At the final hearing, Mrs. Katz testified to needing bridge-the-gap and rehabilitative alimony. She did not request permanent or durational alimony. The trial court found that Mrs. Katz had legitimate short-term needs because she was wholly dependent on Dr. Katz for her most basic living expenses and had left the marriage with no income-producing asset. The trial court noted that, most importantly, she had an immediate need for funds for health insurance, continued psychological counseling, uncovered medical, dental, and prescription drugs, as well as auto insurance. Based on this finding, the trial court awarded her two years of bridge-the-gap alimony at $5000 a month. We affirm the trial court’s award of bridge-the-gap alimony, concluding that its determination did not constitute an abuse of discretion because the record contains competent, substantial evidence to support it. However, in one respect the rehabilitative alimony award may either be an abuse of discretion or it may be a typographical error.
Mrs. Katz presented to the trial court and discussed her rationale for a very detailed five-year rehabilitation plan leading to re-establishing and expanding her *911 private nutrition and weight management practice. She maintained that during the marriage she had suffered severe physical and psychological impairment which had led to an inability to support herself. She wanted to re-educate herself and obtain her prior professional and educational status as a dietitian. Her plan listed the various conferences she wanted to attend to secure the requisite hours of continuing education credits she needed to maintain her certification and license and the expenses she would incur in attending these courses. She estimated that this part of the plan would cost $44,788. She also listed the cost for five years of membership in the various professional associations of which she had formerly been a member and which supported her areas of specialization. This would amount, at $1556 a year, to $7780 for five years. In order to re-establish and expand a private office practice, she estimated furniture and equipment would cost $75,000. Thus, her five-year plan would cost $127,568. But all her treating physicians and psychologists and especially her vocational evaluator concurred that due to her fragile psychological condition a supervised employment setting was more suitable for her rather than being on her own in a private practice with the concomitant stress that would cause.
The trial court agreed with the medical, psychological, and vocational experts that her five-year plan for establishing herself in a private practice was not realistic. Instead, the trial court awarded her two-years of rehabilitative alimony in an aggregate amount of $27,545. This figure is comprised of $2000 for vocational counseling, $9985 for continuing education courses including registration and travel expenses, and $15,560 for licenses and memberships. It is this last figure-$15,560-that may be a typographical error. If it is not a typographical error, it is an abuse of discretion because “ ‘no reasonable [person] would take the view adopted by the trial court.’ ” See Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla.1998) (quoting Huff v. State, 569 So.2d 1247, 1249 (Fla.1990)); Krolick v. Monroe ex rel. Monroe, 909 So.2d 910 (Fla. 2d DCA 2005).
Mrs. Katz had requested $1556 a year for five years, i.e., $7780. In the final judgment, the trial court stated, in describing her plan, that she would need $7780 “annually” and awarded her $15,560, twice $7780 for the two-year rehabilitation period. The amount the trial court actually awarded in the final judgment equals ten years’ worth of licenses and memberships to be paid over the two-year rehabilitation period, vastly more than what Mrs. Katz had requested. Most likely, this part of the trial court’s rehabilitative alimony award derives from its earlier misstatement of what Mrs. Katz’s plan had included. The record does not support the award for two years of licenses and memberships. On remand, the trial court shall revisit the amount awarded for licenses and memberships. We find no abuse of discretion in the remaining parts of the rehabilitative alimony award.
Affirmed in part, reversed in part, and remanded for reconsideration of the award for that part of rehabilitative alimony slated for licenses and memberships.
SILBERMAN, G.J., and MORRIS, J., Concur.