NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


RALPH LEON JAMES,                                )
                                                 )
                    Appellant,                    )
                                                 )
v.                                               )          Case No. 2D15-1754
                                                 )
CITY OF TAMPA,                                   )
                                                 )
                    Appellee.                     )
                                                 )
_____ )

Opinion filed June 10, 2016.

Appeal from the Circuit Court for
Hillsborough County; Steven Scott
Stephens, Judge.

Thomas John Dandar of Dandar
Law Group, P.A., Tampa, for Appellant.

Julia Mandell, City Attorney, and Kristin
Serafin Ottinger, Assistant City Attorney,
Tampa, for Appellee.


WALLACE, Judge.

          Ralph Leon James appeals a final judgment entered after a jury trial on his

action against the City of Tampa ("the City") for personal injuries stemming from a

collision between a sanitation truck owned and operated by the City and an automobile

in which Mr. James was a passenger.  Because Mr. James presented expert testimony

in support of his claim of a permanent injury, the trial court erred in directing a verdict on that issue in favor of the City. Accordingly, we reverse.

## I. THE FACTS AND PROCEDURAL BACKGROUND

On April 16, 2011, a sanitation truck owned and operated by the City backed up and collided with an automobile in which Mr. James was a passenger. At the time of the collision, the sanitation truck was moving slowly, and the driver of the automobile had begun backing up in an unsuccessful attempt to avoid being hit. Mr. James contended that the City's truck backed up and struck the automobile twice; the City asserted that only one collision had occurred. This factual dispute was an issue at trial, but it is not pertinent to our resolution of this case.

Mr. James had been involved in another crash on December 13, 2010, approximately four months before the collision with the City's truck. In the earlier crash, Mr. James had been a passenger in a truck that was "T-boned" by another vehicle. Mr. James had first sought treatment with his treating physician for the injuries sustained in the earlier incident on March 16, 2011, one month before the second crash.

On May 16, 2012, Mr. James filed an action against the City for damages resulting from the April 16, 2011, crash involving the sanitation truck. The case went to trial in December 2014. At trial, the City admitted that its driver had been negligent. However, the City denied that Mr. James had suffered any permanent injury stemming from the second crash. The City asserted that Mr. James had sustained—at most—a minor aggravation of his injuries from the first crash and that any injury stemming from the second crash had been resolved long before the trial.

At the conclusion of the presentation of all the evidence in the case, the trial court entered a directed verdict in favor of the City on the issue of permanency. Thus the jury was not permitted to consider whether Mr. James had sustained a permanent injury resulting from the collision with the City's sanitation truck, and, if so, the amount of his damages from such an injury. Instead, the only issues submitted to the jury were the determination of Mr. James's past and future medical expenses resulting from the April 16, 2011, incident and the amount of his past lost wages resulting from the incident. The jury rendered a verdict in favor of Mr. James for $3315.55 in past medical expenses but nothing for either future medical expenses or past lost wages. The trial court denied Mr. James's motion for a new trial, and it entered a final judgment in his favor in accordance with the jury's verdict. This appeal followed.

On appeal, Mr. James challenges the trial court's entry of the directed verdict in favor of the City on the issue of permanency. His points on appeal include several other claims of error arising from adverse rulings made during the trial of the case. We need address only Mr. James's argument about the trial court's ruling directing a verdict on the issue of permanency in favor of the City.

## II. THE ENTRY OF DIRECTED VERDICTS AND THE STANDARD OF REVIEW

This court has stated the circumstances under which a trial court may properly grant a motion for a directed verdict and the standard of review applicable to appellate consideration of such a ruling as follows:

> A motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party. In considering a motion for directed verdict, the court must evaluate the testimony in the light most favorable to the nonmoving party and every reasonable inference deduced

- 3 -

from the evidence must be indulged in favor of the nonmoving party. If there are conflicts in the evidence or different reasonable inferences that may be drawn from the evidence, the issue is factual and should be submitted to the jury. The standard of review on appeal of the trial court's ruling on a defendant's motion for directed verdict is the same test used by the trial court in ruling on the motion.

Sims v. Cristinzio, 898 So. 2d 1004, 1005-06 (Fla. 2d DCA 2005) (citations omitted).

## III. DISCUSSION

In considering the issue of whether the entry of the directed verdict in this case was error, we are guided by the teaching of the Florida Supreme Court in Wald v. Grainger, 64 So. 3d 1201 (Fla. 2011). Although the issue before the court in Wald concerned the grant of a directed verdict on the issue of permanency in favor of a plaintiff, the Wald court's analysis is instructive here. The court reminds us that "[d]eterminations about the permanency of an injury are *generally* made by juries." Id. at 1204. Reasoning by analogy from the discussion in Wald, we deduce that only where the evidence of injury and causation is such that no reasonable inference could support a jury verdict for the plaintiff may a trial court properly direct a verdict on the permanency issue for the defendant. See id. "A plaintiff can establish a prima facie case of permanency by presenting expert testimony of permanency." Id. If the defendant "present[s] countervailing expert testimony, severely impeach[es] the plaintiff's expert, or present[s] other evidence" conflicting with the plaintiff's evidence, "a jury question is presented." Id. at 1204-05. Only if the plaintiff fails to present evidence of permanency may a directed verdict on that issue in favor of the defendant properly be entered. See id.

In this case, Mr. James presented expert testimony from his treating physician and a consulting neurologist that he had sustained permanent injuries as a result of the crash involving the City's truck. Notably, Mr. James's treating physician had first examined and treated him after the December 2010 collision and before the April 2011 incident for which Mr. James was claiming damages at trial. Thus the treating physician was in a position to determine the extent of Mr. James's injuries that predated the April 2011 collision and the injuries that may have arisen after it. To be sure, the City was able to blunt the force and effect of this evidence by cross-examining Mr. James's experts, by presenting countervailing expert testimony, and by presenting other evidence at the trial. But the City's presentation—however effective it may have been—did nothing more than create a jury question on the issue of permanency. It follows that the trial court erred in weighing the conflicting evidence on the issue of permanency and in directing a verdict on that issue in favor of the City. See id.; see also Kwader v. Pandolfo, 711 So. 2d 1382, 1383 (Fla. 5th DCA 1998) (holding that the trial court erred in directing a verdict on permanency in favor of the defendant where there was conflicting evidence on that issue).

## IV. CONCLUSION

For the foregoing reasons, we reverse the final judgment and remand for a new trial on the issue of damages. Our resolution of the issue involving the directed verdict on permanency makes it unnecessary to address Mr. James's remaining points on appeal.

Reversed and remanded for a new trial on damages.

SILBERMAN and BLACK, JJ., Concur.