# Third District Court of Appeal
## State of Florida

Opinion filed August 27, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1541
Lower Tribunal No. 22-3475-CA 01
_____

**Gustavo Ortiz, etc.,**
Appellant,

vs.

**Performance Transportation, LLC., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Eaton & Wolk, PL, Douglas F. Eaton and Daniel R. Schwartz, for appellant.

Kula & Associates, P.A., Elliot B. Kula and W. Aaron Daniel, for appellees.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed.  See Allstate Ins. Co. v. Manasse, 707 So. 2d 1110, 1111 (Fla. 1998) ("When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached . . . A motion for a new trial is addressed to the sound judicial discretion of the trial court, and the presumption is that it exercised that discretion properly.  And the general rule is that unless it clearly appears that the trial court abused its discretion, the action of the trial court will not be disturbed by the appellate court.") (citations omitted); Universal Prop. & Cas. Ins. Co. v. Armand, 403 So. 3d 1060, 1060 (Fla. 3d DCA 2025) ("In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the 'reasonableness' test to determine whether the trial judge abused his discretion.  If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.  The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of

reasonableness." (quoting <u>Canakaris v. Canakaris</u>, 382 So. 2d 1197, 1203

(Fla. 1980))).